Commonwealth, Appellant, *v.* Tumolo.

Submitted September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Barry H. Denker,* and *Shuman, Gay, Denker & Land,* for appellee.

OPINION BY PACKEL, J., December 11, 1972:

The defendant was indicted in Philadelphia for conspiracy and for faking insurance claims with respect to two alleged automobile accidents, one in Philadelphia and one outside Philadelphia. The court below quashed

the indictments on the ground that there was no evidence of any overt act that occurred in Philadelphia. The notes of testimony of the preliminary hearing reveal the position of the Commonwealth that the two claimed accidents were part and parcel of a broad scheme by the appellee and others involving overt conduct in Philadelphia and elsewhere.

The Commonwealth showed that the first accident which took place outside Philadelphia on December 16, 1970, purportedly involved the defendant's car and two other cars. Payments for damages to those cars were made on the basis of the defendant's statement that he had been negligent. One of the cars, even though it had been sold as a wreck a year before the accident, was shown to have been the subject of insurance claims for additional accidents on December 8, 1969 in Philadelphia and on March 21, 1970, outside Philadelphia. The other car, titled in the name of a Philadelphian, was the subject of claims paid for in connection with two later accidents, even though in the time involved it had only been driven 53 miles. One of those accidents allegedly occurred in Philadelphia, and the car had in fact been examined for its damage in Philadelphia.

The second accident dealt with in the indictments was reported as having happened on January 25, 1970, in Philadelphia. The defendant represented that he was negligent with respect to a car titled in the name of a Philadelphian. The car was inspected in Philadelphia in conjunction with the insurance claim. This same car, within a one month period, was purportedly involved in other accidents involving Philadelphia residents for which insurance claims were paid.

The Commonwealth also showed that many accident reports involving these cars and others were in different names but were made in the handwriting of two persons. It was also shown that the defendant's employer had been arrested in connection with claims involved in this case.

The law is clear that, absent legislation, the jurisdiction of criminal courts extends only to offenses committed within the county of trial. *Commonwealth v. Simeone,* 222 Pa. Superior Ct. 376, 294 A. 2d 921 (1972). Where a conspiracy is involved, however, it is established that overt acts by any one of the conspirators in a county is enough to give jurisdiction to a criminal court in that county. In *Commonwealth v. Thomas,* 410 Pa. 160, 164, 189 A. 2d 255, 258 (1963), the Court held: "It is well settled that *within* the Commonwealth '. . . prosecution for criminal conspiracy may be brought in the county where the unlawful combination or confederation was formed, *or* in any county where an overt act was committed by any of the conspirators in furtherance of that unlawful combination or confederacy': [Citations]." Likewise, as pointed out in *Commonwealth v. Prep,* 186 Pa. Superior Ct. 442, 451, 142 A. 2d 460, 465 (1958), jurisdiction because of overt acts can exist as to substantive crimes wholly or partially committed in the county by any one of the conspirators: "It is a well established theory of the law that, where one puts in force an agency for the commission of crime, he, in legal contemplation, accompanies the same to the point where it becomes effectual; consequently, in many circumstances one may become liable to punishment in a particular jurisdiction while his personal presence is elsewhere, and in this way he may even commit an offense against a state or county upon whose soil he has never set his foot."

The immediate facts relating to the two alleged accidents have rather limited contacts with Philadelphia. Nonetheless, the overall relationships and the testimony presented by the Commonwealth with reference to the many false claims show a clear basis for the Commonwealth's position as to overt acts occurring in Philadelphia. A conspiracy involving Philadelphian and non-Philadelphian claimants can be the subject matter of

indictments in Philadelphia with respect to non-Philadelphian claimants. The instant indictments involve claims presented and promoted by a non-Philadelphian against a non-resident insurer, and payments mailed or possibly delivered outside Philadelphia. Nonetheless, Philadelphia has jurisdiction if these situations are part and parcel of a broad scheme that encompasses Philadelphians and overt conduct in Philadelphia.

Manifestly, the non-residency of the defendant is immaterial. In *Commonwealth v. Mezick*, 147 Pa. Superior Ct. 410, 413, 24 A. 2d 762, 764 (1942), KELLER, P. J., pointed this out in an insurance fraud case, and held that no overt act has to be set forth in the indictment: "The appellant contends that the Court of Quarter Sessions of Susquehanna County had no jurisdiction because there was no proof of any unlawful combination or confederation within that county, all the defendants being residents of Lackawanna County or Luzerne County. But it is well settled that prosecution for criminal conspiracy may be brought in the county where the unlawful combination or confederation was formed, *or* in any county where an overt act was committed by any of the conspirators in furtherance of that unlawful combination or confederacy. . . . No overt act need be set forth in the indictment." Even if there were any uncertainty as to the sufficiency of proof as to jurisdiction, the settled rule is that a court "should not sustain a motion to quash an indictment except in a clear case." *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 397, 124 A. 2d 666, 674 (1956).

The order quashing the indictment is reversed.

---

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent.

The Commonwealth appeals from an order of the Court of Common Pleas of Philadelphia quashing eight indictments against appellee charging him with two

counts each of conspiracy, forgery, fraudulent conversion, and false pretenses. All of the indictments were based on appellee's insurance claims resulting from two allegedly fraudulent automobile accidents. The sole question raised by the Commonwealth is whether the trial court erred in holding that it did not have jurisdiction over the subject matter here, based on its determination that no overt act in furtherance of the alleged conspiracy was committed.

The trial judge's opinion outlines the evidence with respect to the Commonwealth's contention as follows: "The evidence in this case established that the Defendant is a resident of Delaware County, insured his motor vehicle through a branch office of the State Farm Insurance Company located in Delaware County. . . . [O]n December 17, 1969, a person purporting to be the Defendant called . . . the insurance company in Delaware County and reported that his automobile had been involved in an automobile accident . . . with two vehicles, one of which was owned by a person having a Philadelphia address. This accident was reported to have occurred in Delaware County. Estimates of the damage to this vehicle were made in Delaware County, and checks issued in Delaware County based upon the estimates. There was no evidence to establish that the checks were mailed to the resident in Philadelphia County.

"There was no evidence of a subsequent report to the same branch office from a person purporting to be the Defendant of an accident occurring in Philadelphia County on January 25, 1970, involving two motor vehicles, the owner of one of which had a Philadelphia address. It was testified that one of these vehicles was inspected by Quality Radiator located in Philadelphia, Pennsylvania. Again checks were issued, but there was no evidence to indicate whether these checks were picked up or mailed at a Philadelphia residence.

"Additionally, it was contended by the Commonwealth that the two accidents never occurred. There was insufficient evidence to establish that any misrepresentations were made to or by anyone in Philadelphia County, with the possible exception that there is testimony that one vehicle was inspected by a company which has an office in Philadelphia. It was never indicated that checks were issued based upon this inspection, nor that the vehicle itself was presented to the company in Philadelphia by one of the conspirators. It was clear that all of the fraudulent misrepresentations were made in Delaware County, and that the proceeds were received outside of Philadelphia County."

"It is . . . the law that 'the locus of a crime is always in issue, for the court has no jurisdiction of the offense, unless it occurred within the county of trial, or unless, by some statute, it need not. . . .': Commonwealth v. Mull, 316 Pa. 424, 426, 175 A. 418, 419 (1934)." *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A. 2d 43, 44 (1965). The crime of false pretenses is "not completed until property is obtained", but jurisdiction exists not only in the county in which a defendant actually obtains possession of the object in question, but also where the circumstances show that for practical purposes the object was placed in his control (*e.g.*—the county where the object is mailed to the defendant). *Commonwealth v. Prep,* 186 Pa. Superior Ct. 442, 142 A. 2d 460 (1958). Here, as noted by the trial judge, there was no evidence of the circumstances required for jurisdiction.

It is also well settled that prosecution for criminal conspiracy may be brought only in the county where the conspiracy was formed or the county where an overt act in furtherance of the unlawful combination was committed. *Commonwealth v. Thomas,* 410 Pa. 160, 189 A. 2d 255 (1963); *Commonwealth v. Mezick,* 147 Pa. Superior Ct. 410, 24 A. 2d 762 (1942). Concerning the

first accident, there is clearly no evidence of any overt act having been committed in Philadelphia. The second accident (allegedly occurring January 25) does have some ties to Philadelphia, in that one of the vehicles was allegedly inspected by a Philadelphia based firm and the accident was reported to have occurred in Philadelphia. The trial judge, however, concluded that there was no evidence that the examination was made in Philadelphia or that any checks were ever issued based upon the inspection. Further, the Commonwealth itself contends that the accident never occurred, which contention would vitiate the alleged location of the accident as an overt act on which to base jurisdiction, since if proved it would eliminate Philadelphia as the scene of *any* overt act by a conspirator. If, on the other hand, the accident did take place in Philadelphia, it could not have been an act in furtherance of a conspiracy to obtain money based on a fraudulent accident which never occurred. The court below was therefore correct in holding that it had no jurisdiction.[1]

The order of the court below should be affirmed.

JACOBS and HOFFMAN, JJ., join in this dissenting opinion.

---

[1] Clearly there was sufficient evidence on which similar indictments could have been brought in Delaware County.