Commonwealth *v.* Creamer, Appellant.

Argued April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Rogers Carroll,* with him *J. Shane Creamer, in propria persona,* for appellant.

*Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

This appeal is before the court upon a certification by the lower court that there are controlling questions of law which are subject to a substantial difference of opinion, and which should be decided in order to expedite the ultimate termination of this litigation. The Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. V, §501 (17 P.S. §211.501(b)). The two issues so certified are (1) whether Crawford County has venue-jurisdiction of this case, and (2) whether the action is barred by the statute of limitations.

The facts are that on April 1, 1974, an investigating grand jury, which had been specially convened in Crawford County, returned a three-count indictment against J. Shane Creamer, the appellant. Count One alleged that appellant had withheld information from the Pennsylvania State Police concerning James C. Wardrop, a prisoner incarcerated in Greensburg, who had first-hand knowledge of a 1968 homicide which had occurred in Crawford County. This obstruction of justice allegedly began on or about September 1, 1971, and continued through November of 1973.

The second count asserted that appellant had obstructed justice on or about September 1, 1971, by allegedly instructing two state troopers to question James C. Wardrop, who was then incarcerated at Camp Hill, without giving him proper *Miranda* warnings. Mr. Creamer is alleged to have known, at the time he issued these instructions, that Wardrop was suspected of the 1968 homicide and that he had personal knowledge of the crime. However, the indictment does not allege that the interrogation was to involve the 1968 homicide.

Count Three charged appellant with conspiring with Roy L. Titler, a state police officer, to perform the acts alleged in Counts One and Two. The conspiracy was purportedly formed on or about "September 1 to September 7, 1971."

At the time of the alleged offenses, Mr. Creamer was the Attorney General of the Commonwealth.[1] However, he was not charged in his capacity as Attorney General, but only in his individual capacity. Moreover, the parties have stipulated that none of the acts charged in the indictment occurred in Crawford County.

Appellant contends that the indictment against him should have been quashed because Crawford County had no venue-jurisdiction[2] and because the prosecution was barred by the statute of limitations.

Appellant's argument concerning Crawford County's lack of jurisdiction is based upon the fact that no act or failure to act charged in the indictment occurred in that county. Appellant asserts that, absent legislation, the jurisdiction of criminal courts extends only to offenses committed within the county which issues the indictment. The Commonwealth, however, contends that Crawford County is the one in which the effect of appellant's alleged actions and inactions was felt. Therefore, because the prosecution believes that justice was obstructed in Crawford County, even though no overt action constituting the crime occurred there, it asserts that the county does have jurisdiction.

---

1.  Mr. Titler was a state policeman assigned to the Crime Commission, which was then investigating organized crime in Pennsylvania.

2.  The term "venue-jurisdiction" has been used throughout the proceedings to indicate appellant's belief that the criminal courts of Crawford County cannot assert jurisdiction over a cause when no crime has been committed within the physical boundaries of the county. It is, therefore, the "subject-matter" jurisdiction of the lower court which appellant contests. *See Commonwealth v. Simcone*, 222 Pa. Superior Ct. 376, 379, 294 A.2d 921, 922 (1972), in which we stated: "Although the cases present some confusion between language of jurisdiction and that of venue, there is no doubt that the actuality of what our courts have done is to treat the place of the crime as determining which court has the power to try the offense."

It is well-established law in the Commonwealth that before a county assumes jurisdiction over a crime, some overt act must have occurred therein. *Commonwealth v. Tumolo,* 223 Pa. Superior Ct. 189, 299 A.2d 15 (1972), *aff'd,* 455 Pa. 424, 317 A.2d 295 (1974); *Commonwealth v. Simeone,* 222 Pa. Superior Ct. 376, 294 A.2d 921 (1972). Where a conspiracy is alleged, an overt act committed in a county by any one of the conspirators is sufficient for that county to assert jurisdiction over all. *Commonwealth v. Thomas,* 410 Pa. 160, 189 A.2d 255 (1963); *Commonwealth v. Simeone, supra.*

The case law of the Commonwealth is replete with examples of a county's assertion of jurisdiction when some part of the criminal activity or conspiracy occurred therein. *See, e.g., Commonwealth v. Thomas, supra; Commonwealth v. Tumolo, supra; Commonwealth v. Marino,* 213 Pa. Superior Ct. 88, 245 A.2d 868 (1968), *aff'd,* 435 Pa. 245, 255 A.2d 911 (1969), *cert. denied,* 397 U.S. 1077, *reh. denied,* 398 U.S. 945 (1970); *Commonwealth v. Petrosky,* 194 Pa. Superior Ct. 94, 166 A.2d 682 (1960); *Commonwealth v. Prep,* 186 Pa. Superior Ct. 442, 142 A.2d 460 (1958); *Commonwealth v. Mezick,* 147 Pa. Superior Ct. 410, 24 A.2d 762 (1942).

However, we have found no Pennsylvania case which has permitted a county wherein *no* part of the alleged criminal conduct occurred to take jurisdiction.

Moreover, we do not agree with the Commonwealth that a person may be tried for obstruction of justice where the alleged effect occurred. The "tracing" of crimes has not been adopted in this Commonwealth, as appellee acknowledges by citing us only to cases outside Pennsylvania in support of this contention.

It is uncontested that the information stated in Count One, which appellant is alleged to have withheld from the state police, was acquired in his capacity as Chairman of the Crime Commission. If there was a legal duty to disclose the information so acquired, which is not alleged

in the indictment, that duty would be to report at the offices of the Crime Commission, in Dauphin County. Therefore, the information was neither acquired nor withheld in Crawford County.

The locus of the event alleged in Count Two is not stated, but the prosecution acknowledges that it did not occur in Crawford County. Nor did the conspiracy asserted in Count Three occur therein.

The Commonwealth has conceded in its brief that no action occurred within Crawford County as to any count of the indictment, nor was the alleged conspiracy formed therein. We agree with appellant that this indictment must be quashed.[3] In so doing, we are mindful of that body of law which prohibits the quashing of an indictment unless a clear case in favor of the motion is established. *Commonwealth v. Tumolo, supra; Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A.2d 666 (1956).

We also agree with appellant's contention that the statute of limitations for the offenses charged in the indictment has run. The statute, Act of March 31, 1860, P.L. 427, §77; Act of April 6, 1939, P.L. 17, §1 (19 P.S. §211), provides in relevant part: "All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; . . . and all indictments and prosecutions for other felonies not named

---

3. The Commonwealth would have us hold that Crawford County has jurisdiction because "the crime of obstruction of justice is analogous to the crime of being an accessory after the fact." (Appellee's Brief at 16). However, as appellant points out, the crime of accessory after the fact is a specific, statutory offense which must be alleged in an indictment. *Cf. Commonwealth v. Komatowski,* 347 Pa. 445, 32 A.2d 905 (1943). This indictment charges appellant as a principal actor in the obstruction of justice, not as an accessory to the crime of murder. Crawford County cannot assert jurisdiction over an offense for which it has not issued an indictment.

or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed: Provided however, . . . *That indictments for malfeasance, misfeasance, or nonfeasance in office, or for extortion or blackmail by color of office, or for embezzlement of public moneys or property or fraudulent conversion of public moneys or property, or for any misdemeanor in office, or for any conspiracy to commit any of said offenses heretofore or hereafter committed by any officer or employe of this Commonwealth or of any agency thereof,* or of any city, county, borough, township, or school district or of any agency thereof, and their accomplices and confederates, may be brought or exhibited at any time within two years from the time when said public officer or said employe shall have ceased to occupy such office or such employment, *but in no event more than six years from the commission of the offense."* (emphasis added).

Count One of the indictment against Mr. Creamer charged him with obstructing public justice in September of 1971 through November of 1973.[4] Count Two charged the same offense in September of 1971, and Count Three alleged a conspiracy formed on the same date. The indictment was found on April 1, 1974. On its face, therefore, the indictment shows that more than two years elapsed between the date of the alleged crimes and the date of the indictment.

The Commonwealth concedes that unless the statutory exception applicable to public officers applies to the in-

---

4. Appellant contends that this count attempts to charge him with a continuing offense and as such is improper in the Commonwealth. We agree. "It was practically laying an offense with a continuando; it was an attempt to prove the existence of a crime within the statutory period, by showing its commission outside of such period, and that it had been continued down to a time within it." *Commonwealth v. Fabrizio,* 197 Pa. Superior Ct. 45, 55, 176 A.2d 142, 147 (1961).

stant case, the statute of limitations will bar the prosecution. However, the prosecution submits that its reliance upon the exception need not be framed in the indictment. Rather, the Commonwealth contends that it may introduce facts at trial which will prove that the alleged crime, committed by a public officer, occurred within the allowable extended period. We cannot agree with this position.

*Commonwealth v. Cody*, 191 Pa. Superior Ct. 354, 156 A.2d 620 (1959), involved an issue similar to that now before the court. In *Cody*, the Commonwealth charged appellant with an offense which had occurred more than two years before the indictment was issued. Relying upon the exception to the general two-year limitations period concerning non-residents,[5] the Commonwealth contended that it could prove non-residence at trial although it was not alleged in the indictment, and thus that prosecution was not barred. The appellant contended that the fact of his non-residence in Pennsylvania should have been stated in the indictment so as to apprise him that he would have to defend against the crime itself *and* against the statute of limitations. This court agreed with appellant, stating: "The Commonwealth further contends that this exception need not be incorporated in the indictment but may be proved at the time of trial as any other issue of fact. This latter contention, however, overlooks the fact that, normally, residence of the defendant, in connection with the commission of crime, is not an issue. If it is to be made an issue, it should be charged in the indictment so as to apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution. *He should be informed before trial why the statute of limitation has no application. The opportunity to prepare a defense against such allegation should be given to the same extent as the opportunity to*

---

5. Act of March 31, 1860, P.L. 427, §77; Act of April 6, 1939, P.L. 17, §1 (19 P.S. §211).

*defend against the accusation of crime itself.* Were it otherwise, no attack, preliminary to trial, could ever be made on this ground, and if made during or subsequent to trial, an accused would be faced with the well established rule that an attack on an indictment will not be considered after a plea is entered and the jury is sworn. *Blackman v. Commonwealth,* 124 Pa. 578, 17 A. 194; *Commonwealth v. Weber,* 67 Pa. Superior Ct. 497; *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A.2d 912; *Commonwealth ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A.2d 360; *Commonwealth v. Poley,* 173 Pa. Superior Ct. 331, 98 A.2d 766." 191 Pa. Superior Ct. at 358-59, 156 A.2d at 622-23 (emphasis added).

What was stated in *Cody* is equally as applicable in the instant case. Status as a public officer is not normally an issue when the obstruction of justice is alleged. If it is to be made an issue, it should be alleged in the indictment. Therefore, Mr. Creamer should have been informed in the indictment that he would be required to defend against the crimes of conspiracy and obstruction of justice, *and* against the six-year statute of limitations. Because the issue of his status as a public officer is relevant not only to the extended limitations period but to possible defenses which may be asserted by a public official who acts in the performance of his duties, appellant should have been indicted for acts committed by him in his capacity as Attorney General.

This case presents an even stronger reason for holding the exception inapplicable than did *Cody.* Mr. Creamer, after having received the indictment, filed a request for a Bill of Particulars which included the following question:

> "4. State whether or not J. Shane Creamer is being charged in his capacity as an individual citizen or in his former capacity as Attorney General for the Commonwealth of Pennsylvania."

The Commonwealth answered:

"Question No. 4. It is impossible to answer since it is not understood exactly what the defendant requests. The only answer which can be made is that the defendant is being charged as a natural person."

The Commonwealth was thereby afforded an opportunity to correct the indictment, but failed to do so. Having elected to charge Mr. Creamer as an individual, and having induced appellant's reliance upon that status, the Commonwealth is now precluded from asserting the public official exception to the two-year limitations period.

The order refusing to quash the indictment is reversed, and the indictment is dismissed.