## Commonwealth v. Titler, Appellant.

Argued April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John J. Hudacsek, Jr.*, with him *Hudacsek & Lewis*, for appellant.

*Paul D. Shafer, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

Appellant, Roy L. Titler, was indicted on April 1, 1974, following the recommendation of a specially-convened grand jury in Crawford County. The indictment alleged four counts of obstruction of justice:

Count One charges appellant with withholding information from the Pennsylvania State Police on or about September 1, 1971 through November of 1973, concerning a 1968 homicide which occurred in Crawford County. The information was obtained from a prisoner, James C. Wardrop, in Westmoreland County.

Count Two charges that on or about September 7, 1971, appellant instructed two Pennsylvania State Policemen to question James C. Wardrop without issuing *Miranda* warnings. The third count alleged that appellant conspired with J. Shane Creamer, on or about September 1 to September 7, 1971, to accomplish the obstructions of justice asserted in the first and second counts. Count Three also asserts that the act alleged in Count Two was an overt act in furtherance of the conspiracy.

Count Four charged appellant with hindering the 1968 murder investigation on or about January 19, 1972, in that appellant lied to an investigating police officer and a Blair County Assistant District Attorney by stating that he had interviewed Wardrop concerning the murder and had in good faith concluded that Wardrop was not the murderer. This count also charged that appellant "well knew" at that time that Wardrop had "confessed to said murder."

At the time of the alleged offenses, Mr. Titler was a state policeman assigned to the Crime Commission in Dauphin County, which was investigating organized crime in the Commonwealth. The information which he allegedly withheld was acquired by him in his capacity as an investigating officer for the Crime Commission. However, he was charged as an individual, not as a public officer or employee.

The only issues raised in this appeal are whether the statute of limitations has run to bar prosecution of the alleged offenses and whether Crawford County has venue-jurisdiction of the case. Both issues were certified to this court under the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. V, §501 (17 P. S. §211.501(b)).

The first three counts of the indictment contain charges identical to those involved in *Commonwealth v. Creamer*, 236 Pa. Superior Ct. 168, 345 A.2d 212 (1975). Count Three, however, charges Mr. Titler with an overt act in furtherance of the conspiracy alleged therein, and Count Four charges him with obstructing justice by telling a lie. Mr. Creamer was not charged with these latter offenses.

We believe this case is controlled by our decision in *Commonwealth v. Creamer, supra*. The additional offenses charged against appellant herein did not take place in Crawford County. Consequently, they are not sufficient to require a different result from that reached in *Commonwealth v. Creamer, supra*.

Order refusing to quash indictment reversed, and indictment dismissed.