## Commonwealth v. Klenovich

*Stuart T. Shmookler, Assistant District Attorney,* and *William H. Platt, District Attorney,* for Commonwealth.

*Clayton T. Hyman, Joel M. Scheer* and *Mark S. Refowich,* for defendants.

WIEAND, *J.,* May 31, 1978—During the early morning hours of July 21, 1975, an armed robbery occurred at the warehouse of Lehigh Wholesale Grocery Company, Inc. Cigarettes having an approximate value of $48,000 were stolen. When a portion of the stolen cigarettes was subsequently found, charges were brought against various persons who were involved in receiving and concealing such cigarettes. In the action presently before the court, Michael J. Klenovich, Frank A. Fodero, Sr. and Harry Phillips were tried and convicted of conspiracy to receive stolen property. Klenovich and Fodero were also convicted of receiving stolen property, and Fodero and Phillips were convicted of hindering apprehension.* Post-trial motions were filed and now are before the court en banc for determination.

*Klenovich was acquitted of participating in the robbery.

When the evidence is viewed in the light most favorable to the Commonwealth, as we are required to do, it appears that several days after the robbery at Lehigh Wholesale Grocery, Harry Phillips, who owned a junkyard in Montgomery County, spoke to Charles Sipple and asked him if he would store some cigarettes. When Sipple consented, Phillips directed him to Klenovich and Fodero, who were present at Phillips' junkyard. A conversation ensued among Klenovich, Fodero and Sipple. Phillips was present during a portion thereof and admonished Klenovich and Fodero that he didn't want Sipple to get hurt in any way. Klenovich recited details of the robbery (the details were consistent with factual testimony given by the victims), and the conversation was concluded with the making of arrangements to remove the cigarettes from their location in Hellertown, Northampton County, and to deliver them to Sipple's garage in Lehigh County. Several days later, the first delivery of cigarettes was made to Sipple by Klenovich, Fodero, and a third, unidentified male. Additional deliveries were made on the two succeeding evenings.

After the cigarettes had been stored in Sipple's garage for approximately ten days, Sipple received a telephone summons from Phillips. In response, he went to the latter's junkyard to speak with him. Phillips there told him that the state police had obtained a search warrant for Sipple's garage, and he advised Sipple to move the cigarettes to a new location.

Sipple thereupon made immediate arrangements to remove the cigarettes from his garage and store them in the basement of a home owned by Richard S. Gross, also in Lehigh County. The cigarettes

were moved that same day. On the following day, for reasons not made clear, Klenovich and Sipple went to the Gross home and removed twelve cases of cigarettes.

On August 29, 1975, the police, armed with proper warrants, conducted searches of the Gross home and the Sipple garage. Cigarettes having an approximate value of $19,000 were found in the basement of the Gross home. They contained visible markings by which they were readily identifiable as cigarettes belonging to Lehigh Wholesale Grocery.

There was also evidence that following Sipple's arrest a meeting occurred in Quakertown in which Klenovich told Sipple that the latter's counsel fees would be paid so long as "nobody else got involved in it." Subsequently, money for counsel fees was delivered to Sipple by Phillips.

There was no paucity of evidence to establish the existence of a conspiracy to receive stolen property among the three defendants. It was also quite clear from the Commonwealth's evidence that Klenovich and Fodero had had actual, physical possession of the stolen cigarettes under circumstances which demonstrated clearly a knowledge of the illicit source of such merchandise.

Phillips and Fodero argue, however, that they were improperly convicted of hindering apprehension by concealing evidence of a crime. Specifically, Phillips was convicted of hindering the apprehension of Klenovich and Fodero by concealing the stolen cigarettes, and Fodero was convicted of hindering the apprehension of Klenovich and Phillips.

The offense of hindering apprehension is defined in section 5105(a) of the Crimes Code of December

6, 1972, P.L. 1482, 18 C.P.S.A. §5105, as follows: "A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he: . . . (3) conceals or destroys evidence of the crime."

The evidence discloses without ambiguity the parts played by Phillips and Fodero as the stolen cigarettes were moved around from concealment to concealment in order to prevent the police from finding the loot from the Lehigh Wholesale Grocery robbery.

It is argued, however, that this section of the Crimes Code was intended to replace the common law offense of being an accessory after the fact, and that the concealment was an integral and inseparable part of the continuing crimes of receiving and/or conspiracy to receive stolen property. As such, it is contended, Phillips and Fodero, having been found guilty as principals, could not also be guilty as accessories.

We find no merit in this argument. Concealment is not an essential element of the crime of receiving stolen property. Receipt, retention or disposition of stolen property knowing that it has been stolen or believing that it has probably been stolen constitutes this offense. See Crimes Code, §3925(a), 18 C.P.S.A. §3925(a). Thus, in the instant case, the crimes of conspiracy and receiving stolen property were complete as soon as possession, pursuant to agreement of defendants, was accepted with knowledge that the cigarettes had been stolen. When defendants also engaged in affirmative efforts to conceal the stolen merchandise from the police a new and different offense was committed.

Defendants' reliance on Com. v. Brown, 245 Pa.

Superior Ct. 134, 369 A. 2d 329 (1976), is misplaced. The issue in that case was whether defendant could be convicted of hindering apprehension on the uncorroborated testimony of the robber whose apprehension he hindered. A majority of the court held that defendant and the robber were not accomplices in the crime of hindering even though they may have been accomplices in the underlying crime of robbery. Judges Spaeth and Hoffman concurred on the grounds that there is no rule which forbids a conviction solely on the uncorroborated testimony of an accomplice. The issue raised in the instant case was not there raised. The result there obtained, however, suggests that an accomplice in the commission of an underlying offense may nevertheless be convicted of hindering apprehension of the other accomplice. This must necessarily be so, it would seem, where concealment of evidence is not a necessary element of the underlying offense. See also Model Penal Code, §5.03, Comment (Tent. Draft No. 10, 1960).

Similarly, the convictions of Phillips and Fodero for hindering apprehension are not barred by section 906 of the Crimes Code. The provisions thereof which bar multiple convictions refer only to *inchoate crimes* and bar convictions of more than one offense for conduct which is designed to culminate but does not in fact culminate in the commission of the same crime. The statute does not bar convictions for all distinct crimes committed.

Phillips also contends that conduct on his part to conceal evidence occurred only at his junkyard in Montgomery County, and that this court, therefore, lacked jurisdiction to hear the charge against him. This issue is properly before the court and was not

waived by the failure to raise it pre-trial: Com. v. Ziegler, ___ Pa. Superior Ct. ___, 380 A. 2d 420 (1977).

Having considered this argument, we find it to be without merit. Phillips arranged the meeting between Sipple, Klenovich and Fodero for the purpose of making arrangements to move the cigarettes from Hellertown to Sipple's property in Lehigh County. It was also Phillips who warned Sipple that the police had obtained a warrant to search his garage and who persuaded Sipple to remove the cigarettes to the basement of the Gross home, also situated in Lehigh County. Thus, even though Phillips may not have been physically present in Lehigh County, it is clear that he was an accomplice of the actors who were physically present in Lehigh County and criminally accountable for the overt acts of such accomplices in Lehigh County. See Crimes Code, §306(b) and (c). Because the overt acts took place in Lehigh County, this court has jurisdiction: Com. v. Creamer, 236 Pa. Superior Ct. 168, 345 A. 2d 212 (1975); Com. v. Tumolo, 223 Pa. Superior Ct. 189, 299 A. 2d 15 (1972); Com. v. Petrosky, 194 Pa. Superior Ct. 94, 166 A. 2d 682 (1960); Com. v. Prep, 186 Pa. Superior Ct. 442, 142 A. 2d 460 (1958).

. . .

ORDER

Now, May 31, 1978, for reasons appearing in an accompanying opinion, it is ordered that defendants' motions in arrest of judgment and for new trial be and the same are hereby denied, and said

defendants are directed to appear for sentencing in Courtroom No. 2 at 9:30 a.m. on June 29, 1978.

Presentence investigations shall be made for defendants in these cases.