## Commonwealth v. Capozello

*Peter J. Hart, Deputy Attorney General,* for Commonwealth.

*Scott D. Keller,* for defendant.

SAYLOR, *J.,* January 12, 1981—Four criminal informations have been filed in the Court of Common Pleas of Berks County charging Fred J. Capozello with various counts of obstructing administration of law or other governmental function,[1] bribery in official and political matters,[2] and tampering with public records or information.[3] Defendant moves to quash all four informations.[4] Each of the four motions to quash asserts that the prosecution was commenced beyond the two year limitation of action applicable to the charges al-

---

1. 18 Pa.C.S.A. §5101.

2. 18 Pa.C.S.A. §4701(a)(1)(2) and (3)

3. 18 Pa.C.S.A. §4911(a)(3)

4. Criminal Action nos. 80122101 [*101*], 80122201 [201], 80122301 [301], and 80122401 [401].

Criminal Action no. 101 consists of three counts: first count—obstructing administration of law or other governmental function; second count—bribery in official and political matters; and third count—tampering with public records or information.

Criminal Action no. 201 consists of three counts: first count—obstructing administration of law or other governmental function; second count—bribery in official and political matters; and third count—tampering with public records or information.

Criminal Action no. 301 consists of three counts: first count—obstructing administration of law or other governmental function; second count—tampering with public records or information; and third count—bribery in official and political matters.

Criminal Action no. 401 consists of two counts: first count—tampering with public records or information; and second count—obstructing administration of law or other governmental function.

leged in each count. Additionally, defendant asserts in the motion to quash filed in Criminal Action No. 101 that the information filed in that case fails to notify defendant of the specific date of the alleged offense and as such it violates the Pennsylvania Rules of Criminal Procedure and the Pennsylvania and United States Constitutions.

The informations, all filed October 27, 1980 charge that the offenses enumerated in their individual counts occurred between the following dates:

Criminal Action no. 101 . . . . November 4, 1974 to May 23, 1979;

Criminal Action no. 201 . . . . December 23, 1977 to February 28, 1978;

Criminal Action no. 301 . . . . January 12, 1978 to February 28, 1978;

Criminal Action no. 401 . . . . April 18, 1978 to May 31, 1978.

Clearly, with the exception of Criminal Action no. 101, each information reveals on its face that more than two years elapsed between the date of the alleged crimes and the date the informations were filed. Section 5552(a) of the Judicial Code, 42 Pa.C.S.A. §5552(a), provides that a prosecution for the type of offenses charged in each information must be commenced within two years after they are committed. An exception to this statute of limitation may be invoked under the following circumstances, 42 Pa.C.S.A. §5552(c)(2):

"If the period prescribed in subsection (a) . . . has expired, a prosecution may nevertheless be commenced for: . . .

"(2) Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defend-

ant is in public office or employment or within two years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years."

The Commonwealth, in its answer to the motion to quash the information, contends that the statutory exception applicable to public officers applies in the instant cases. We agree that the exception is applicable. Defendant is correct, however, that at least some of the counts of each information are defective because the Commonwealth failed, within the informations, to frame its reliance upon the exception as required by Pennsylvania law.

Where the Commonwealth seeks to toll the statute of limitations by establishing a statutory exception, it must allege the exception in the information: Com. v. Cody, 191 Pa. Superior Ct. 354, 156 A. 2d 620 (1959); Com. v. Creamer, 236 Pa. Superior Ct. 168, 345 A. 2d 212 (1975); Com. v. Bender, 251 Pa. Superior Ct. 454, 380 A. 2d 868 (1977) (allocatur refused). "The purpose of this rule is 'to apprise the defendant that he must defend not only against the crime itself but also against the limitation of the prosecution.'" Com. v. Bender, 251 Pa. Superior Ct. at 459, 380 A. 2d 870. Such a rule is necessary, in the words of the court in Com. v. Cody, 191 Pa. Superior Ct. at 359, 156 A. 2d at 622, 623 (1959), because: "Were it otherwise, no attack, preliminary to trial, could ever be made on this ground, and if made during or subsequent to trial, an accused would be faced with the well established rule that an attack on an indictment will not be considered after a plea is entered and the jury is sworn."

The case of Com. v. Creamer, supra, presents a fact situation similar to that in the case at bar. In Creamer, defendant was charged with obstruction

of justice and conspiracy to obstruct justice. The court, 236 Pa. Superior Ct. at 176, 345 A. 2d at 216, found that:

"Status as a public officer is not normally at issue when the obstruction of justice is alleged. If it is to be made an issue, it should be alleged in the indictment. Therefore, Mr. Creamer should have been informed in the indictment that he would be required to defend against the crimes of conspiracy and obstruction of justice, *and* against the six-year statute of limitations. Because the issue of his status as a public officer is relevant not only to the extended limitations period but to possible defenses which may be asserted by a public official who acts in the performance of his duties, appellant should have been indicted for acts committed by him in his capacity as Attorney General." (Emphasis in original.)

Only those counts that charge defendant with bribery in official and political matters serve to inform defendant that he must defend against the extended statute of limitations. We are aware of the recent Pennsylvania Supreme Court case, Com. v. Stockard, 489 Pa. 209, 413 A. 2d 1088 (1980), which holds that where the Commonwealth fails to allege in the indictment that it would seek to toll the statute of limitations, such failure is of no consequence where no prejudice to defendant results. The Stockard court stated that, "As long as a defendant, some reasonable time before trial, is appraised that the Commonwealth will seek to toll the statute of limitations, the due process requirements of notice are satisfied." 489 Pa. 209, 219, 413 A. 2d 1092, 1093. In the case at bar, however, the argument on the motion to quash was heard by this

court only on January 7, 1981 and the case is scheduled for trial on January 12, 1981. Our decision in this matter will be handed down in the interim between those dates. We cannot say with any assurance that no prejudice to defendant would result if we denied the motion to quash the informations.[5]

We, therefore, hold that the first and third counts of the information filed in Criminal Action no. 201, the first and second counts of the information filed in Criminal Action no. 301, and the entire information in Criminal Action no. 401 must be quashed.[6] Additionally, the entire information filed in Criminal Action no. 101 is quashed because it fails to comport to the requirements of Pa.R.Crim.P. 225(b)(3). Rule 225(b)(3) provides that an information shall be valid and sufficient *if* it contains:

"[T]he date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient."

The information in Criminal Action no. 101 alleges the offense was committed over a period in excess of four years. Not only does the information

5. "The right to *formal notice of charges,* guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is . . . basic to the fairness of subsequent proceedings. . . . ." Com. v. Diaz, 477 Pa. 122, 125, 383 A. 2d 852, 854 (1978). (Emphasis in original.)

6. A court has the power to quash a defective count in an information without quashing the entire information: Com. v. Rivas, 2 D. & C. 3d 647 (1976).

fail to allege a continuing offense, but the attorney for the Commonwealth conceded on oral argument that three specific offenses are involved. Further, the beginning date alleged, November 4, 1974, is not within the period fixed by even the extended statute of limitations. The total lack of specificity renders the information in Criminal Action no. 101 defective. Accordingly, we enter the following

## ORDER

January 12, 1981, upon consideration of defendant's motion to quash the information, filed in each of the above-captioned cases, it is hereby ordered and decreed that the motion is sustained with reference to the entire information filed in Criminal Action no. 101, the first and third counts of the information filed in Criminal Action no. 201, the first and second counts of the information filed in Criminal Action no. 301, and the entire information filed in Criminal Action no. 401 is quashed. The motion to quash is denied with respect to the second count of Criminal Action no. 201 and the third count of Criminal Action no. 301.