444 A.2d 142

**COMMONWEALTH of Pennsylvania**

v.

**Edward SEELEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed April 12, 1982.

Chester T. Cyzio, Philadelphia, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant, Edward Seeley, was convicted of criminal conspiracy and burglary. Post-verdict motions were filed and denied. On June 27, 1979, Seeley was sentenced to a term of imprisonment of 11½ to 23 months imprisonment for burglary and a consecutive term of 10 years probation for conspiracy. This appeal followed.

The following questions are raised on appeal:

(A) Did the trial court commit reversible error by sustaining the Commonwealth's objections during the defense's cross-examination of the assigned investigating detective?

(B) Did the trial court commit reversible error by sustaining the Commonwealth's objections during the cross-examination of the alleged accomplice and co-conspirator of the defendant?

(C) Did the improper and prejudicial remarks of the prosecutor during his closing address to the jury make a new trial imperative?

(D) Did the Commonwealth fail to prove the issues of venue and the jurisdiction of the trial court?

■ We are unable to reach any of the merits of the claims raised by Seeley because he did not properly present these issues before the trial court in post-verdict motions and therefore has not properly raised the contentions on appeal.

We note that the post-verdict motions filed by Seeley state:

1) The verdict is contrary to the evidence.

2) The verdict is contrary to the weight of the evidence.

3) The verdict is contrary to the law.

4) The trial court committed error in rulings as to the admission and as to the exclusion of evidence.

5) Such additional reasons as may be set forth by brief or oral argument.

There is no evidence in the record which demonstrates that the post-verdict motions were ever supplemented as point five indicates that Seeley reserved the options of doing. Thus, as to Seeley's first two questions submitted in his brief, there was no specific motion complaining that cross-examination of specific witnesses was improperly limited. Therefore, the issues are waived. Pa.R.Crim.P. 1123(c); *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Similarly, no specific post-verdict motion ever was raised contending that prosecutorial misconduct occurred. Thus, the issue is waived. *Commonwealth v. Gravely*, supra, *Commonwealth v. Blair*, supra.

The final question raised by Seeley is properly preserved, however, it is without merit. Seeley argues that the trial court lacked venue and jurisdiction over the instant case. In *Commonwealth v. Brinton*, 275 Pa.Super. 304, 310, 418 A.2d 734, 737 (1980), we said:

In *Commonwealth v. Creamer*, 236 Pa.Super. 168, 172, 345 A.2d 212, 214 (1975), this Court said: "It is well-established law in the Commonwealth that before a county assumes jurisdiction over a crime, some overt act must have occurred therein. *Commonwealth v. Tumolo*, 223

Pa.Super. 189, 299 A.2d 15 (1972), aff'd, 455 Pa. 424, 317 A.2d 295 (1974); *Commonwealth v. Simeone*, 222 Pa.Super. 376, 294 A.2d 921 (1972). Where a conspiracy is alleged, an overt act committed in a county by any one of the conspirators is sufficient for that county to assert jurisdiction over all. *Commonwealth v. Thomas*, 410 Pa. 160, 189 A.2d 255 (1963); *Commonwealth v. Simeone*, supra.

"The case law of the Commonwealth is replete with examples of a county's assertion of jurisdiction when some part of the criminal activity or conspiracy occurred therein. See, e.g., *Commonwealth v. Thomas*, supra, *Commonwealth v. Tumolo*, supra; *Commonwealth v. Marino*, 213 Pa.Super. 88, 245 A.2d 868 (1968), aff'd, 435 Pa. 245, 255 A.2d 911 (1979), cert. denied, 397 U.S. 1077, [90 S.Ct. 1526, 25 L.Ed.2d 811,] reh. denied, 398 U.S. 945 [, 90 S.Ct. 1849, 26 L.Ed.2d 284] (1970); *Commonwealth v. Petrosky*, 194 Pa.Super. 94, 166 A.2d 682 (1960); *Commonwealth v. Prep*, 186 Pa.Super. 442, 142 A.2d 460 (1958); *Commonwealth v. Mezick*, 147 Pa.Super. 410, 24 A.2d 762 (1942)."

We are satisfied that the Common Pleas Court of the County of Philadelphia properly exercised jurisdiction in the instant case. The Commonwealth presented testimony of Philadelphia police indicating the factual circumstances of the criminal incident out of which the charges against Seeley arose. It is clear that "some part of the criminal activity", id., in fact all the criminal activity occurred in the county of Philadelphia, Pennsylvania.

Judgment of sentence affirmed.