J-S15022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LORENZO BRIAN LLOYD | : | |
| | : | |
| Appellant | : | No. 978 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 12, 2024
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000824-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LORENZO BRIAN LLOYD | : | |
| | : | |
| Appellant | : | No. 979 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 12, 2024
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001949-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LORENZO B. LLOYD | : | |
| | : | |
| Appellant | : | No. 980 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 12, 2024
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001043-2021

J-S15022-25

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: October 3, 2025**

Lorenzo Lloyd ("Lloyd") appeals from the judgment of sentence, following his open guilty pleas across several dockets, to possession with intent to deliver a controlled substance ("PWID") and two counts of possession of a controlled substance (heroin/fentanyl and Klonopin).[1]   Additionally, Lloyd's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   We grant Counsel's petition to withdraw and affirm.

The relevant factual and procedural history of these cases is as follows. In April 2024, Lloyd entered guilty pleas across several cases for criminal conduct all occurring in Washington County, Pennsylvania.   At No. CR 824-2021, Lloyd pleaded guilty to possession of a controlled substance (fentanyl).[2] He received a sentence of six-to-twelve months of incarceration to be served consecutively with the sentence at No. CR-1043-2021.   **See** Criminal Disposition Sheet, 7/12/24.   At No. CR-1043-2021, Lloyd pleaded guilty to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 780–113(a)(30), (16).

[2] The factual basis for this plea arises from the Commonwealth's assertion that police found heroin/fentanyl and a needle near Lloyd during a traffic stop, and Lloyd claimed ownership of the contraband. **See** Aff. of Probable Cause, 4/20/21.

- 2 -

possession with intent to deliver a controlled substance (heroin/fentanyl).[3] He received a sentence of eighteen to thirty-six months of imprisonment to be served consecutively to a sentence not at issue in this appeal. *See* Order of Sentence, 7/12/24. At No. CR 1949-2021, Lloyd pleaded guilty to possession of a controlled substance.[4] He received a sentence of six to twelve months of incarceration to be served consecutively to the terms at No. CR-824-2021 and CR-1043-2021. *See* Order of Sentence, 7/12/24. Following the imposition of sentence, Lloyd, *via* counsel, timely appealed. Both Lloyd and the trial court complied with Pa.R.A.P. 1925.

As noted above, Lloyd's attorney has filed an application to withdraw along with an *Anders* brief. When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has

---

[3] The factual basis is that in May 2020, Lloyd sold heroin/fentanyl to a confidential informant during a controlled buy. *See* Aff. of Probable Cause, 5/20/21.

[4] The factual basis is that in July 2021, an officer was executing an unspecified warrant at a residence and encountered Lloyd, searched him, and discovered he was in possession of the contraband. *See* Aff. of Probable Cause, 10/25/21.

determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Santiago**, our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied these technical requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has filed a petition to withdraw stating that after an extensive review of the record and applicable law, she has concluded that this appeal is wholly frivolous. **See generally** Pet. to Withdraw, 1/7/25. Counsel

has also filed a brief and provided it to Lloyd, and has advised Lloyd of his right to proceed in this appeal, with private counsel or *pro se*, and to present to this Court any other information or documentation relevant to his appeal. ***See id***.; ***see also*** Letter, 2/13/25.[5] Counsel's ***Anders*** brief includes a summary of the factual procedural history of the appeal and explains her reasons for concluding that the appeal is wholly frivolous. ***See Anders*** Brief at 8-11. Thus, we conclude that Counsel has complied with the technical requirements of ***Anders*** and ***Santiago***, and we will proceed with an independent review of whether this appeal is frivolous.

Counsel identifies the following issues for our review: (1) whether the trial court abused its discretion at sentencing; (2) whether the trial court imposed an illegal sentence; and (3) whether the trial court possessed jurisdiction over Lloyd's case. ***See Anders*** Brief at 13–14.

Lloyd's first intended appellate issue concerns the discretionary aspects of his sentence. It is well–settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, prior to reaching the merits of a discretionary sentencing issue,

---

[5] Counsel's letter to Lloyd—dated January 2025, but filed in February 2025—explains her conclusion that the appeal is frivolous, explains Lloyd's rights, notes her enclosure of the ***Anders*** brief, and encloses the withdrawal petition. To date, Lloyd has not filed a response to counsel's ***Anders*** brief and petition to withdraw.

[this Court conducts] a four[−]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S.A. § 9781(b).

*Id*.

Our review discloses that Lloyd filed a timely notice of appeal. **See** Notice of Appeal, 8/16/24. Additionally, while the **Anders** brief does not contain a Rule 2119(f) statement, this Court has not required compliance with Rule 2119(f) in an **Anders** context. **See**, **e.g.**, **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015). However, we note that while Lloyd filed a *pro se* motion at each of the dockets at issue asserting that the trial court imposed an excessive sentence and did not consider his mitigating circumstances or rehabilitative needs, **see** *Pro Se* Post-Sentence Mot. to Modify Sentence, 7/29/24, Counsel declined to file a post-sentence motion challenging the discretionary aspects of Lloyd's sentence. Because hybrid litigation, whereby a defendant represented by counsel submits *pro se* filings, is prohibited, the *pro se* post-sentence motions were insufficient to preserve Lloyd's challenge to the discretionary aspects of his sentence. **Accord** Trial Ct. Op., 9/24/24, at 3 (opining that Lloyd failed to preserve his challenge to the discretionary aspects of sentencing by failing to file a post-sentence motion); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (holding that a defendant has no right to file a *pro se* post-

- 6 -

sentence motion when represented by counsel); *cf*. *Commonwealth v. Moore*, 307 A.3d 95, 99 (Pa. Super. 2023) (noting the prohibition on hybrid representation except in limited circumstances such as the *pro se* filing of a notice of appeal where the filing is necessary to protect a constitutional right and is "distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief") (internal citation and quotations omitted).  Because Lloyd has failed to preserve his challenge to the discretionary aspects of his sentence, we deny his petition for allowance of appeal from the discretionary aspects of his sentence.[6]  Thus,

_____

[6] Even if we granted Lloyd's request for review of the discretionary aspects of his sentence, he would be due no relief.  Lloyd seeks to challenge his sentence and asserts the trial court imposed an excessive sentence and did not give due consideration to his need for treatment and rehabilitation.  *See Anders* Brief at 11, 12-13; *see also generally Pro Se* Post-Sentence Mot. to Modify Sentence, 7/29/24.  This raises a substantial question.  *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

In concluding that Lloyd's challenge is frivolous, we note the following.  Lloyd entered open guilty pleas to three separate cases and received a standard range sentence in each case—two six-to-twelve-month sentences for simple possession convictions arising from separate episodes, and one eighteen-to-thirty-six-month sentence for PWID, imposed consecutively.  These sentences were within the standard ranges, and the court, in possession of Lloyd's pre-sentence investigation report ("PSI"), expressly considered his mitigating and rehabilitative needs, including, *inter alia*, his character references and allocution.  *See* N.T., 7/12/24, at 3, 34-35, 38-39.  A standard-range sentence in conjunction with a PSI is presumptively reasonable.  *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. Super. 1988) (stating that where the sentencing court had the benefit of a PSI, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).  Further, where, as here, a sentence is within
*(Footnote Continued Next Page)*

- 7 -

Lloyd's intended challenge to the discretionary aspects of his sentence is frivolous.

The second issue Counsel highlights in the **Anders** brief concerns the legality of the sentence imposed by the trial court. Our standard of review for a challenge to the legality of sentencing is *de novo* and our scope of review plenary. **See Commonwealth v. Perzel**, 291 A.3d 38, 45 (Pa. Super. 2023). An illegal sentence is one that exceeds statutory limits, or where the court is without jurisdiction or statutory authority to impose a given sentence. **See Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998).

Based on our review, we conclude a challenge to the legality of Lloyd's sentence is frivolous for the following reasons. Here, there was statutory authority for the sentences at issue, and the sentences imposed fell below the statutory limits. **See** 35 P.S. § 780-113(b) (providing authority, and the statutory limits, for convictions for simple possession); **id**., § 780-113(f)(1) (providing the same for PWID convictions for heroin/fentanyl). Lloyd's two convictions for simple possession, at Nos. CR-824-2021 and 1949-2021, for which he received two terms of six to twelve months of incarceration, were

_____

the standard range of guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **See Moury**, 992 A.2d at 171 (combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Accordingly, the trial court committed no abuse of discretion in imposing consecutive standard-range sentences. **See Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995) (holding that a defendant is not entitled to a volume discount for multiple convictions).

authorized by statute and below the statutory limit of one year of imprisonment. Lloyd's conviction for PWID, at No. CR-1043-2021, for which he received a sentence of eighteen to thirty-six months of imprisonment, is likewise authorized by the applicable statute and below the statutory limit of fifteen years.

Additionally, the trial court possessed jurisdiction over these cases. *See* 18 Pa.C.S.A. § 102(a)(1) (providing that a person may be convicted for offenses occurring within this Commonwealth for conduct constituting an element of the offense which occurred in the Commonwealth); 42 Pa.C.S.A. § 931(a) (courts of common pleas have unlimited original jurisdiction unless otherwise provided for by another statute or rule); *Commonwealth v. Creamer*, 345 A.2d 212, 214 (Pa. 1975) (stating that "[i]t is well-established law in the Commonwealth that before a county assumes jurisdiction over a crime, some overt act must have occurred therein"); *Commonwealth v. Gross*, 101 A.3d 28, 32 (Pa. Super. 2014) (explaining that "[j]urisdiction relates to the court's power to hear and decide the controversy presented. . . . All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code"); *Commonwealth v. Seeley*, 444 A.2d 142, 144 (Pa. Super. 1982) (noting that "the case law of the Commonwealth is replete with examples of a county's assertion of jurisdiction when some part of the criminal activity or conspiracy occurred therein") (internal citations and quotations omitted).

As the trial court possessed statutory authority to impose the judgment of sentence, which was within the statutory limits, and the court possessed jurisdiction over this case, a challenge to the legality of Lloyd's sentence fails and is frivolous.

Lastly, in Lloyd's third intended appellate issue, Counsel identifies the issue of the trial court's jurisdiction. As noted above, the trial court possessed original jurisdiction to hear the cases against Lloyd and sentence him, given his conduct occurred in this Commonwealth, and the Courts of Common Pleas have statewide subject matter jurisdiction over cases arising under the Crimes Code. *See* 18 Pa.C.S.A. § 102(a)(1); 42 Pa.C.S.A. 931(a); *Gross*, 101 A.3d at 32 (stating that courts of common pleas have statewide jurisdiction over criminal cases); *Creamer*, 345 A.2d at 214.

In sum, following our review, we conclude that Lloyd failed to raise a substantial question about the discretionary aspects of his sentence; his sentences, for which there was statutory authorization, are within the statutory limits; and the trial court had jurisdiction over Lloyd's cases. Thus, we conclude that Lloyd's appellate issues are indeed frivolous and merit no relief, and our independent review reveals no other non-frivolous issues

- 10 -

preserved for our review.[7]  Accordingly, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Application to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/03/2025

---

[7] Additionally, we note that Lloyd was properly colloquied as part of his guilty pleas, and he did not move to withdraw the pleas.  **See** Guilty Plea Colloquy, 4/17/24.

- 11 -