Commonwealth *v.* Tumolo, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Barry H. Denker, Labron K. Shuman,* and *Shuman, Denker & Land,* for appellant.

*David Richman* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 25, 1974:

Appellant, Alfred Tumolo, was indicted in Philadelphia County for conspiracy, forgery, cheating by false pretenses and fraudulent conversion, all of which grew out of certain fraudulent automobile liability insurance claims made by appellant and his co-conspirators. A

motion to quash these indictments was sustained by the Court of Common Pleas of Philadelphia. The Commonwealth appealed to the Superior Court, which reversed the order of the Court of Common Pleas, in an opinion by Judge PACKEL, with a dissenting opinion filed by Judge SPAULDING in which Judges JACOBS and HOFFMAN joined. We granted allocatur to examine appellant's contention that the Court of Common Pleas of Philadelphia was without jurisdiction over appellant to try him for the offenses contained in the bills of indictment.

The facts surrounding this appeal are as follows: On November 25, 1969, an agent for State Farm Insurance Company, with his office in Delaware County, issued an insurance policy covering a vehicle owned by appellant, who was a Delaware County resident. On December 17, 1969, appellant notified his agent that he had been involved in an accident in Delaware County with two other vehicles owned by Philadelphia County residents. Appellant stated that he was at fault in the accident and after the alleged claimants' vehicles were inspected in Delaware County, State Farm Insurance Company issued payment checks to the alleged claimants. The record does not indicate whether the checks had been delivered to the claimants, or their agents, or had been mailed to the claimants in Philadelphia. Later, a person identifying himself as appellant, reported to State Farm that he was involved in a second accident on January 20, 1970, which was alleged to have occurred on the Schuylkill Expressway in Philadelphia County. The owners of the other vehicles in this "accident" were again listed as Philadelphia residents, to whom checks were issued after the other vehicles had been inspected at a Philadelphia garage. Again, there was no evidence whether the checks had been delivered to claimants or their agents in Delaware County or had been mailed to Philadelphia County.

When appellant was later asked about these alleged accidents, he stated that he remembered them. However, police officers in the two counties involved testified that they had no record that either "accident" had occurred.

For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. As we explained in *Commonwealth v. Thomas,* 410 Pa. 160, 164, 189 A. 2d 255, 258 (1963) : "It is well settled that within the Commonwealth '. . . prosecution for criminal conspiracy may be brought in the county where the unlawful combination or confederation was formed, or in any county where an overt act was committed by any of the conspirators in furtherance of that unlawful combination or confederacy': [citing cases]." Likewise, as pointed out in *Commonwealth v. Prep,* 186 Pa. Superior Ct. 442, 451, 142 A. 2d 460, 465 (1958), jurisdiction because of overt acts can exist as to substantive crimes wholly or partially committed in the county by any one of the conspirators: "It is a well established theory of the law that, where one puts in force an agency for the commission of crime, he, in legal contemplation, accompanies the same to the point where it becomes effectual; consequently, in many circumstances one may become liable to punishment in a particular jurisdiction while his personal presence is elsewhere, and in this way he may even commit an offense against a state or county upon whose soil he has never set his foot."

The Court of Common Pleas of Philadelphia granted appellant's motion to quash the indictments because it believed that there were no events which linked the first alleged fraudulent claim to Philadelphia and although the vehicles allegedly belonging to the claimants in the second claim were inspected in Philadelphia, the court concluded that "it was never indicated that checks were issued based upon this inspection."

However, an employee of State Farm testified at the preliminary hearing that in the case of each fraudulent claim, a Mr. Loughrey, employed by State Farm, had gone to inspect the cars allegedly damaged by the company's insured at the repair garage where the car was alleged to be located "on behalf of State Farm and made the inspections and drew the estimates up. Based on these estimates, [State Farm] issued the [drafts to the claimants]." The Commonwealth alleged that these repair garages were part of the conspiracy. Thus, Philadelphia was certainly involved in the fraudulent claim made by appellant wherein the accident was alleged to have occurred in Philadelphia because the checks issued in settlement of that claim were based on inspections made in Philadelphia. In addition, the Commonwealth offered evidence to show that the same vehicles and the same addresses which were attributed to claimants in the fraudulent claims made by appellant were attributed to claimants in allegedly fraudulent claims against State Farm made by other insured individuals who the Commonwealth contends were part of the conspiracy and that, often, in the cases of these other claims, the checks were issued and the inspections were made in Philadelphia. Furthermore, the Commonwealth contends that releases in all claims were signed by the same person.

Considering our settled rule that a court "should not sustain a motion to quash an indictment except in a clear case," *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 397, 124 A. 2d 666, 674 (1956), and the evidence presented at this preliminary hearing, the Superior Court was correct in reversing the order quashing the indictment.

Order of the Superior Court affirmed.