420 A.2d 404

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Norman H. BERTELS, Jr., W. Kirk Hammaker and Donald L. Parker, Appellees.**

Supreme Court of Pennsylvania.

Argued May 20, 1980.

Decided Sept. 22, 1980.

Albert J. Strohecker, III, Sally A. Lied, Asst. Atty. Gen., Harrisburg, for appellant.

Louis Lipschitz, Philadelphia, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a reversal by the Superior Court[1] of judgments of sentence imposed upon appellees, Norman H. Bertels, Jr., W. Kirk Hammaker, and Donald L. Parker, following convictions for embezzlement, fraudulent conversion, falsification of corporate records, and conspiracy.[2] The convictions arose from complex transactions, involving applications of financial assets, whereby the appellees were found to have defrauded corporations which they controlled. Trial by jury was held in the Franklin County Court of Common Pleas in February, 1969, venue having been changed from Adams County at defendants' request.

On appeal is the issue of whether Adams County had venue and jurisdiction for trial, since the transactions involved occurred primarily outside that County. After a careful review of the briefs, record, and decisions below, we

---

1. *Commonwealth v. Bertels*, 260 Pa.Super. 496, 394 A.2d 1036 (1978).

2. Act of June 24, 1939, P.L. 872, §§ 828, 834, 846 and 302 respectively; 18 P.S. §§ 4828, 4834, 4846 and 4302 respectively.

affirm the determination of the Superior Court that trial jurisdiction was lacking.

Order of the Superior Court affirmed.

ROBERTS, J., joins the majority opinion and filed a concurring opinion.

ROBERTS, Justice, concurring.

I join the opinion of Mr. Justice Flaherty. It should be noted that the transfer of funds from a Pennsylvania parent corporation's bank account in Adams County to its subsidiary's bank account in Virginia, an outwardly innocent act, has not been shown to be in furtherance of an unlawful agreement. *Commonwealth v. Thomas*, 410 Pa. 160, 189 A.2d 255, cert. denied, 375 U.S. 856, 84 S.Ct. 118, 11 L.Ed.2d 83 (1963) (prosecution for criminal conspiracy may be brought either in the county where an unlawful agreement is formed or in the county where an overt act is committed in furtherance of that unlawful agreement). Because the Commonwealth has not met its burden of proving jurisdiction, the Superior Court's order reversing judgments of sentence should be affirmed.