421 A.2d 740

**COMMONWEALTH of Pennsylvania**

v.

**Hugh M. RIDALL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Sept. 26, 1980.

Petition for Allowance of Appeal Denied Dec. 31, 1980.

318

Lewis J. Bott, Assistant Public Defender, Wilkes–Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes–Barre, for Commonwealth, appellee.

Before PRICE, GATES and DOWLING, JJ.*

PRICE, Judge:

Appellant appeals from the judgment of sentence following his conviction for willfully failing to remit $4,883.12 of

* President Judge G. Thomas Gates of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge John C. Dowling of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

sale taxes[1] collected from May 1973 through September 1974. On March 19, 1976, appellant was found guilty in a jury trial. Timely post–trial motions for a new trial and in arrest of judgment were filed on March 22, 1976, which motions were denied. Subsequently, on May 30, 1978, appellant was sentenced to a two (2) year probationary period, ordered to make restitution, and required to pay the costs of prosecution. A notice of appeal to this court was duly filed on June 23, 1978.

In seeking reversal of the judgment of sentence, appellant contends that the trial judge erred: (1) in admitting Commonwealth exhibits 4, 5, 6, 7 and 8; (2) in admitting Commonwealth exhibit 9; (3) in refusing to grant his demurrer; and (4) in refusing to grant his motion alleging that the verdict was contrary to the weight of the evidence and the law. We find these claims lacking in merit and affirm the sentence of the trial court.

 Exhibits 4 through 8 are sales tax returns which were introduced by the Commonwealth. Prior to their introduction, testimony established that appellant, Hugh M. Ridall, Jr., had applied for a sales tax license for Pennsylvania Galleries, and that license number 40–20175–2 had been issued. Daniel B. Swantko, a tax examiner for the Department of Revenue, Bureau of Sales and Use Taxes, testified that these returns came from his department's files. He further testified that such returns were sent to all sales tax taxpayers. The disputed returns were addressed to Pennsylvania Galleries and contained the aforementioned license number. Finally, Mr. Swantko testified that these returns were signed by Hugh M. Ridall, Jr. as owner. Appellant's counsel objected to their admission, citing lack of proper authentication as the grounds.

 We believe the trial judge properly overruled the objection. According to Professor McCormick,

1. 72 P.S. § 7268(b).

"where a public office is the depository for private papers such as wills, conveyances, or income tax returns, the proof that such a purporting deed, bill of sale, tax return or the like has come from the proper custody is usually accepted as sufficient authentication." C. McCormick, *Law of Evidence* § 224 (2d ed. 1972).

This view has been accepted in the federal courts. *See, e. g., Wausau Sulphate Fibre Co. v. Commissioner of Internal Revenue*, 61 F.2d 879 (7th Cir. 1932). In the instant case, the circumstances surrounding the production of these tax returns at trial indicated their authenticity. Consequently, no error was made by the trial judge when he admitted this evidence. Moreover, assuming arguendo that an error was made, such error was harmless because appellant later admitted signing the returns.

Appellant's second ground for excluding the tax returns is that they are hearsay. However, we conclude that appellant has waived any hearsay objection.

■■■ To be preserved for appeal, an objection must be timely made. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Here, the objection was not made until appellant demurred after completion of the Commonwealth's case, well after the evidence had been presented. Furthermore, "it has long been the rule in this state that if the ground upon which an objection to testimony is based is specifically stated, all other reasons for exclusion are waived." *Commonwealth v. Raymond*, 412 Pa. 194, 202, 194 A.2d 150, 154 (1963). Lack of authentication was the only timely objection, and, therefore, was the only objection preserved for appeal.

■■■ Exhibit 9, a notice of assessment, was also objected to by appellant.[2] Again, the objection was lack of proper foundation or authentication. The notice was sent by certi-

---

2. The trial judge's opinion incorrectly states Exhibit 9 was admitted without objection. The objection appears on page 36 of the Record.

fied mail to appellant. At trial, the Commonwealth produced a mail receipt with appellant's alleged signature. Under 39 U.S.C. § 5010 (1964), such a receipt is prima facie evidence of delivery to the addressee. *Chester County Tax Claims Bureau Appeal*, 208 Pa.Super. 384, 222 A.2d 602 (1966). Accordingly, the objection was properly overruled. Furthermore, appellant conceded that he had signed the receipt, received the notice of assessment, and had not appealed the assessment.

Careful scrutiny of the record similarly supports the trial judge's refusal to sustain the demurrer. We recognize that:

> "In order for the trial judge to properly overrule a demurrer following the close of the prosecution's case, the Commonwealth's evidence, together with all reasonable inferences therefrom, must be sufficient to support a jury finding of guilt beyond a reasonable doubt." *Commonwealth v. Kelly*, 245 Pa.Super. 351, 369, 369 A.2d 438, 447–48 (1976).

*Commonwealth v. Carroll*, 443 Pa. 518, 278 A.2d 898 (1971); *Commonwealth v. Mason*, 211 Pa.Super. 328, 236 A.2d 548 (1967). Read in the light most favorable to the Commonwealth, testimony in the case at bar disclosed that appellant had not remitted any sales tax revenues from Pennsylvania Galleries for the period in question. A Department of Revenue auditor testified that appellant collected $1,796.76 in sales taxes from May 1, 1973, until September 30, 1973. Furthermore, the tax returns indicated that he owed $3,086.36 from October 1, 1973, until September 30, 1974. These facts, combined with their logical inferences, lead us to conclude that the prosecution established a prima facie case and met its initial burden of proof. Thus, the demurrer was properly dismissed.

Finally, the record establishes that the verdict is not against the weight of the evidence nor contrary to the law.

Various witnesses for the defense testified that the tax returns could not possibly be correct. Appellant claimed that although he signed the returns, he did not participate in their completion. However,

"[w]hen a person is charged with executing a *signed document,* for the purposes of affecting him with certain legal consequences, the act which suffices to charge him is any act by which he adopts and makes his own the terms of the writing. It is therefore, in general immaterial whether he has himself written the body of the document or not, if he has signed it .... Hence, *proof of the signature of the document is sufficient* to charge him ...." 7 Wigmore, Evidence § 2134 (Chadbourn rev. 1978) (emphasis in original).

Consequently, the question thus becomes which witness or witnesses to believe. Credibility is for the jury to decide, and we will not disrupt its findings unless the record fails to support its determination. *Commonwealth v. Gatto,* 236 Pa.Super. 92, 344 A.2d 566 (1975); *Commonwealth v. Shriner,* 232 Pa.Super. 306, 332 A.2d 501 (1974). Granting a new trial on the ground that the verdict is against the weight of the evidence is within the sound discretion of the trial judge and will not be ordered absent a clear abuse of that discretion. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972); *Commonwealth v. Stiles,* 229 Pa.Super. 411, 323 A.2d 841 (1974). Thus, since the record clearly established the elements of the crime, we will not reverse the jury's findings. Finally, the verdict was not contrary to the law, but rather consistent with the charge given to the jury. *Commonwealth v. Ashford,* 227 Pa.Super. 351, 322 A.2d 722 (1974).

For the above stated reasons, the judgment of sentence is affirmed.