451 A.2d 773

**COMMONWEALTH of Pennsylvania**

v.

**Paul T. McGAVIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1982.

Filed Oct. 15, 1982.

Barry M. Miller, Norristown, for appellant.

Judd B. Fitze, District Attorney, Tunkhannock, for Commonwealth, appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

Appellant, Paul T. McGavin, was convicted of riot[1] and simple assault[2] following trial by jury. He brings this appeal from judgment of sentence on these convictions. For the reasons set forth herein, we reverse the conviction of

1. 18 Pa.C.S.A. § 5501(2).

2. 18 Pa.C.S.A. § 2701(a)(1).

riot, affirm the conviction on simple assault, and remand for resentencing.

The following facts were brought out at trial. On the evening of July 7, 1980, Constable Frank Stephens, Sr. was summoned from his home by two private citizens, Charles McCarthy and Lancer McMicken [hereinafter McCarthy and McMicken]. Constable Stephens accompanied McCarthy, at his request, to the location of a nearby Dodge automobile to record its license plate numbers. McCarthy suspected that the automobile had been involved earlier that evening in a rock and bottle throwing incident. Upon securing the license plate numbers, McCarthy and Constable Stephens turned to walk back toward Constable Stephens' home when they were confronted by appellant. Appellant questioned Constable Stephens' authority to record the license plate numbers of the automobile. Appellant was joined by Timothy Blaisure and Daniel McGavin.[3] Shortly thereafter, an altercation ensued during which Constable Stephens sustained injuries.

After verdict and denial of post-verdict motions, appellant was sentenced to imprisonment for a term of not less than six months nor more than twenty-three and one-half months. Sentence was imposed solely on the riot conviction because the trial court improperly merged the simple assault offense into the riot offense.[4]

**3.** Similar charges were filed against these two individuals, but they are not parties to this appeal.

**4.** Because errors in sentencing are never waived for failure to be raised below, *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1979), we take this opportunity to note that these offenses were improperly merged. There are two requirements to be satisfied before merger may occur. First, both crimes must arise from the same transaction. *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 48, 391 A.2d 662, 666 (1978). Second, under the unique facts of the case, one crime must necessarily involve the other crime. *Id.* For one crime to necessarily involve the other, the essential elements of one crime must be the essential elements of the other crime. *Id.* The prima facie elements of simple assault require proof that appellant attempted to cause or intentionally, knowingly, or recklessly caused bodily injury to another. See 18 Pa.C.S.A. § 2701(a)(1). Riot re-

■ In his brief, appellant raised five issues for our consideration. However, we will consider only two of them because the others were not properly preserved for our review.[5] The issues remaining for our consideration are: (1) whether or not Appellant's convictions were contrary to the evidence, and against the weight of the evidence, and (2) whether the Commonwealth's case is legally sufficient to support the conviction on the offense of riot. In reviewing the first issue, we will not discuss the sufficiency of the evidence to support the riot conviction since we reverse that conviction on other grounds, *infra.*

We now turn to the task of examining the sufficiency of the evidence to support the simple assault conviction. In

quires proof that appellant participated with two or more others in a course of disorderly conduct with the intention to prevent or coerce official action. See 18 Pa.C.S.A. § 5501(2). Presumably, the trial court judge predicated his decision to merge these offenses upon the belief that the disorderly conduct element of riot was established by proof of conduct that also established the simple assault offense. However, mere proof of conduct that establishes the crime of simple assault is insufficient to establish any element of the offense of riot. The essence of the offense of riot is group action. Simply because appellant committed simple assault as a successive step to possibly completing the offense of riot does not require that these offenses merge. *Commonwealth ex rel. Moszynski v. Ashe,* 343 Pa. 102, 104, 105, 21 A.2d 920, 921 (1941). Proof that Appellant committed simple assault does not establish for purposes of the riot offense that two or more individuals engaged in a course of disorderly conduct. Upon closely examining the essential elements of both of these offenses, we must conclude that they do not coincide at all. See *Commonwealth v. Kull,* 267 Pa.Super. 55, 59, 405 A.2d 1300, 1302 (1979); *Commonwealth v. Grassmyer,* 266 Pa.Super. 11, 15, 402 A.2d 1052, 1054 (1979). Thus, the crime of riot does not necessarily include the crime of simple assault. As was stated in *Commonwealth ex rel. Moszcynski v. Ashe, supra,* sometimes a single act or transaction can give rise to two separate crimes. We believe that is the case here.

5. Also, appellant asserted that the trial court erred when it: (1) restricted the method of use of a witness' prior inconsistent statement, (2) prevented co-defendants' counsel from examining a witness after he had rested his case, and (3) prevented co-defendants' counsel from arguing the law to the jury during his closing argument. These three issues were waived below for lack of contemporaneous objections on the record. *Commonwealth v. Blair,* 460 Pa. 31, 36, 331 A.2d 213, 215 N.3 (1975); *Commonwealth v. Marlin,* 452 Pa. 380, 382, 305 A.2d 14, 16 (1973).

this regard, appellant argues that the Commonwealth failed to present any evidence to show that appellant assaulted Constable Stephens.

■ After having carefully reviewed the record, and viewing the evidence therein in the light most favorable to the Commonwealth, *Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406 (1973), we find no merit in appellant's contention. Two of the Commonwealth's witnesses testified that the appellant physically assailed Constable Stephens. Record at 19 and 77. Appellant's testimony contradicts the testimony of the Commonwealth's witnesses. Record at 248–49, 253, and 254. From this contradictory testimony, a question of credibility arose. The resolution of issues of credibility is the jury's role. We will not disturb the jury's determination of these issues of credibility unless the jury's findings lack support in the record. *See Commonwealth v. Ridall,* 280 Pa.Super. 316, 322, 421 A.2d 740, 743 (1980). Since the record is adequate to support the jury's findings, we affirm the simple assault conviction.

■ Next, we consider whether Constable Stephens' action of recording the license plate number is legally sufficient proof of "official action." 18 Pa.C.S.A. § 5501(2). In considering this question, we are guided by *Commonwealth v. Harrison,* 290 Pa.Super. 389, 434 A.2d 808 (1981), which states:

> "[T]he sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in light most favorable to the Commonwealth, and it is entitled to all reasonable inferences arising therefrom. The effect ... is to admit all the facts which the Commonwealth's evidence tends to prove." (Citations omitted.)

Id., 290 Pa.Super. at 391–92, 434 A.2d at 809. Upon consideration of the evidence, we cannot conclude that the Commonwealth has proved facts sufficient to constitute official action.

In pertinent part, the offense of riot reads as follows:
§ 5501 RIOT

A person is guilty of riot, a felony of the third degree, if he participates with two or more others in a course of disorderly conduct:

.    .    .    .    .

(2) with the intent to prevent or coerce official action.

The text of this provision was derived from Model Penal Code § 250.1(b) (1980). It was designed to reach "the classic case of mob agitation against the lawful workings of the government." Id. at Comment § 250.(1)(b). In the comment, the drafters indicate that several other states, though not having adopted the formulation set forth in § 250.1(b), still reach the same result by reaching conduct that "substantially obstructs law enforcement or other government function." Id. From our review of the record, we conclude that Constable Stephens' actions are not the type of actions contemplated by the drafters of the Model Penal Code when they describe the operation of § 250.1(b). We do not consider his actions to fall within the ambit of a reasonable interpretation of "official action."

At trial, Constable Stephens testified that he accompanied McCarthy merely to record the license plate numbers of the suspect automobile, and forward them on to the Chief of Police the next morning. He was not investigating the ongoing occurrence of a breach of the peace. The incidents related to him when he was summoned by the two private citizens had occurred earlier that evening. Constable Stephens could not have made an arrest based on these incidents because he had no valid arrest warrant nor did the events constituting a breach of the peace occur within his view. See 13 P.S. § 45.[6] There is no evidence in the record that either of the private citizens informed Constable Ste-

---

**6.** In relevant part, 13 P.S. § 45 states that, "constables . . . shall and may, without warrant *and upon view,* arrest and commit to hearing any and all persons guilty of a breach of the peace . . ., riotous or disorderly conduct . . . for the violation of which a fine or penalty is imposed."

phens that a possible breach of the peace was occurring so that his actions could thereby be characterized as an investigation of whether or not a breach of the peace was then in progress.

What Constable Stephens did was to assist two private citizens in obtaining the license plate numbers of a vehicle they suspected of being involved in the earlier rock and bottle throwing incident. Constable Stephens did what either of the two private citizens could have done themselves. Without more, we are not persuaded that a constable's action of merely recording license plate numbers with the intent to deliver them to the chief of police of the borough is sufficient to constitute "official action" within the meaning of the riot offense. These actions were not the "lawful workings of the government," for they were not done pursuant to any of the constable's statutory authority. None of these acts required an official status in order to perform them. We find nothing in the record that distinguishes them from the actions that any private citizen is at liberty to take.

Our conclusion is not altered by Constable Stephens' verbal assertion that he, in his capacity as constable, had the authority to take these actions. The mere assertion of authority to act is not sufficient to somehow transform these common everyday liberties into official action.

Accordingly, we hold as a matter of law that Constable Stephens was not engaged in official action at any time material to this charge.

For the foregoing reasons, we therefore affirm appellant's conviction of simple assault and reverse his conviction of riot. Since sentence was imposed only upon the riot conviction, we hereby vacate that sentence and remand to the trial court for resentencing on the simple assault conviction.