500 A.2d 1221

**COMMONWEALTH of Pennsylvania**

v.

**William G. BOYLE, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1985.

Filed Nov. 22, 1985.

Thomas J. Schuchert, Pittsburgh, for appellant.

Before WIEAND, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

Appellant William G. Boyle, an attorney, is owner and sole stockholder of Meadville Foods, Inc., doing business as Palace Fine Foods Restaurant in Crawford County. His residence and law practice is in Allegheny County. The Crawford County restaurant was run by a manager who, in turn, forwarded all paperwork, including sales tax information, to appellant in Allegheny County. Upon receipt of the sales tax data, appellant would prepare the necessary returns himself and would mail or hand deliver the monies due to the Pennsylvania Department of Revenue in Harrisburg (Dauphin County) or the branch office in Pittsburgh (Allegheny County). No returns were allegedly filed or taxes paid for the period between August, 1982 and October, 1983. Appellant was charged in Crawford County with failing to file sales tax returns and make sales tax payments to the Commonwealth in violation of the Tax Reform Code of 1971, 72 Pa.C.S.A. § 7268(b). He subsequently filed a pre-trial motion challenging the jurisdiction of the Crawford County Court of Common Pleas. The motion was denied and an interlocutory appeal was permitted to allow this Court to make the jurisdictional determination.

The sole issue raised in this appeal is whether Crawford County Court of Common Pleas has proper subject matter jurisdiction in this criminal action. We hold it does not and therefore reverse the denial of the pre-trial motion.

The filing of tax returns is governed by 72 Pa.C.S.A. Sections 7219 and 7224 which direct filing to be made at the main office or at any branch office of the Department of Revenue. The importance of knowing where filing was to occur, becomes significant where, as here, we must establish the locus of the alleged criminal conduct. When the

locus of the criminal act is discovered, jurisdiction is proper in that district. Pa.R.Crim.P. 21 provides: "All criminal proceedings shall be brought before the issuing authority for the magisterial district *where the offense is alleged to have occurred . . .*" (emphasis added). Each offense has its own situs. *Commonwealth v. Katsafanas*, 318 Pa.Super. 143, 464 A.2d 1270 (1983); *Commonwealth v. Bertels*, 260 Pa.Super. 496, 394 A.2d 1036 (1978). Article III Section 2 and the Sixth Amendment of the United States Constitution fix venue "(i)n the state" and "district wherein the crime shall have been committed." *See e.g., Johnson v. United States*, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1955).

▪ Where, as here, the crime charged is a failure to perform a legally imposed act, the place designated for its execution determines the situs of the crime. *Johnston v. United States, supra.* Difficulties arise when the acts of the defendant which constitute the violation consist merely of omitting to do something which is required. *United States v. Anderson*, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946).

In the case at bar, appellant is charged with failing to file the returns and make sales tax payments to the Commonwealth. The duty imposed by the Tax Reform Code of 1971, 72 Pa.C.S.A. § 7268(b) requires filing to be made at specific locations throughout the Commonwealth. Liability for failure to file can arise only where specified by the statute. *Travis v. United States*, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961); *United States v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1915).

Appellant did collect the sales tax monies in Crawford County, however, filing of the returns could not be accomplished in that County since no branch office of the Department of Revenue is located there. In order for Crawford County to claim jurisdiction for the crime, an essential element of the offense must have been committed in that district. *See e.g., Commonwealth v. Bertels, supra.* The acts performed must be criminal in nature and not merely incidental thereto. *Commonwealth v. Herriott*, 265 Pa.Super. 143, 401 A.2d 841 (1979).

■ Here, the only essential element of the crime charged is the failure to file the required tax returns at the designated locations. In order for appellant to comply with the filing requirements, filing could have been made in Harrisburg, the main office for the Department of Revenue, or any one of the other branch offices. No such branch office is located in Crawford County. Crawford County could not therefore be a regular or customary location for the filing and remitting of appellant's tax returns. Hence, performance being impossible in Crawford County, non-performance there cannot support a finding of proper venue.

Case remanded, jurisdiction relinquished, venue to be determined consistent with this opinion.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

William G. Boyle, an attorney who practices law in Allegheny County, is the sole stockholder and owner of Meadville Foods, Inc., trading and doing business as Palace Fine Foods, a restaurant in Meadville, Crawford County. By an information filed by the District Attorney of Crawford County, Boyle was charged criminally with wilfully failing, neglecting or refusing to file sales tax returns and remit sales taxes payable to the Commonwealth of Pennsylvania. Boyle moved pre-trial to dismiss the information on grounds that the Court of Common Pleas of Crawford County lacked jurisdiction. When Boyle's pre-trial motion was denied, an interlocutory appeal was allowed so that a determination might be made by this Court of the jurisdictional issue. A majority holds that the Court of Common Pleas of Crawford County lacks subject matter jurisdiction to hear and decide this criminal case. I respectfully dissent.

Sales of food were made and sales taxes were collected by Boyle's restaurant in Crawford County. Tax monies were deposited in a checking account maintained in a Meadville bank. Boyle was the only person authorized to write checks on that account. The manager of the restaurant

customarily forwarded the sales tax information to Boyle in Pittsburgh, where Boyle prepared the necessary sales tax returns. He would then mail the returns, together with moneys due, to the Department of Revenue in Harrisburg, Dauphin County. On occasion, he also delivered returns personally to the office which the Department of Revenue maintained in Pittsburgh. According to the Commonwealth's averments, however, no returns were filed and no taxes were paid for the period between August, 1982 and October, 1983.

The law is clear that " 'the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not....' " *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 283, 206 A.2d 43, 45 (1965), quoting *Commonwealth v. Mull*, 316 Pa. 424, 426, 175 A. 418, 419 (1934). See also: *Commonwealth v. Thomas*, 305 Pa.Super. 158, 162, 451 A.2d 470, 472 (1982); *Commonwealth v. Bertels*, 260 Pa.Super. 496, 394 A.2d 1036 (1978), *aff'd,* 491 Pa. 187, 420 A.2d 404 (1980); *Commonwealth v. Creamer*, 236 Pa.Super. 168, 172, 345 A.2d 212, 214 (1975). As a general rule, before the courts of a county can assume jurisdiction over a crime, some overt act must have occurred in that county. *Commonwealth v. Creamer, supra*, 236 Pa.Superior Ct. at 172, 345 A.2d at 214; *Commonwealth v. Tumolo*, 223 Pa.Super. 189, 192, 299 A.2d 15, 16 (1972), *aff'd,* 455 Pa. 424, 317 A.2d 295 (1974). In order to base jurisdiction on an overt act, however, the act must have been essential to the crime; an act which is merely incidental to the crime is not sufficient. *Commonwealth v. Bertels, supra*, 260 Pa.Superior Ct. at 502, 394 A.2d at 1039.

A determination of the locus of a crime becomes more difficult when the crime consists of a failure to act. In determining the locus of a failure to act, it is necessary to consider the nature of the duty and the specific act which the defendant failed to perform. See: *United States v. Anderson*, 328 U.S. 699, 705, 66 S.Ct. 1213, 1217, 90 L.Ed. 1529, 1533 (1946). In general, jurisdiction to try charges involving a failure to act will lie in the place where the act

was required to be performed. *Johnston v. United States,* 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956) (failure to perform civilian work in lieu of induction into armed forces); *United States v. Anderson, supra* (refusal to submit to induction into the United States armed forces); *Commonwealth v. Creamer, supra* (obstruction of justice by failing to divulge knowledge of crime). See also: *United States v. Chestnut,* 399 F.Supp. 1292 (S.D.N.Y.1975) (receipt of illegal political campaign contributions), *aff'd,* 533 F.2d 40 (2d Cir.), *cert. denied,* 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 93 (1976).

Jurisdiction to try a criminal action where the alleged crime is a failure to act, however, is not necessarily limited to one situs. See and compare: *Commonwealth v. Prep,* 186 Pa.Super. 442, 142 A.2d 460 (1958). In all instances, we are admonished by decided cases to look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant is being prosecuted. See: *United States v. Anderson, supra* 328 U.S. at 703, 66 S.Ct. at 1216, 90 L.Ed. at 1532. In some cases, " 'requisite elements of the completed crime may be committed in different jurisdictions, and in such cases any [county] in which an essential part of the crime is committed may take jurisdiction.' " *Commonwealth v. Bertels, supra,* 260 Pa.Superior Ct. at 502, 394 A.2d at 1039, quoting 4 Wharton's Criminal Law and Procedure § 1507 at 88 (1957).

Section 219 of the Tax Reform Code of 1971, P.L. 6, 72 P.S. § 7219, provides that sales tax "[r]eturns shall be filed with the department at its main office or at any branch office which it may designate for filing returns." The main office of the Department is in Harrisburg, Dauphin County; a branch office is located in Pittsburgh, Allegheny County. Section 224 of the Act provides that payment of the tax shall be made at the place fixed for filing returns. 72 P.S. § 7224. However, section 220 establishes that compliance may be had by mailing the return and payment on or prior to the day on which payment is to be received. 72 P.S. § 7220. A receipt for registered or certified mail is evi-

dence of compliance.[1] *Id.* Moreover, section 225 directs that all taxes collected by any person from purchasers shall be held in trust for the Commonwealth. 72 P.S. § 7225. It is a misdemeanor for any person required to do so to "wilfully fail, neglect or refuse to file any return or report required" and/or to "refuse to pay any tax, penalty or interest imposed or provided." Section 268(b), 72 P.S. § 7268(b).

The tax statute does not specifically determine the county or counties in which prosecutions are to be brought for failures to file returns and pay taxes. However, the legislature has clearly provided that compliance with statutory requirements can be fully effected by acts performed in the county where a person does business and collects the tax. I should conclude, therefore, that a county in which a taxpayer does business, collects sales taxes and maintains sales tax records, and from which the taxpayer can effect full compliance with statutory requirements, is sufficiently related to the crime of wilfully failing or refusing to file returns and pay over taxes collected to vest jurisdiction in the courts of that county.

In the instant case, the crimes which Boyle is alleged to have committed were closely and significantly related to Crawford County. The restaurant and its records were located in Crawford County; the sales had been made in Crawford County; the taxes had been collected in Crawford County; the Commonwealth's money had been deposited

---

1. Section 220 of the Code is as follows:

   Notwithstanding the provisions of any State tax law to the contrary, whenever a report or payment of all or any portion of a State tax is required by law to be received by the Pennsylvania Department of Revenue or other agency of the Commonwealth on or before a day certain, the taxpayer shall be deemed to have complied with such law if the letter transmitting the report or payment of such tax which has been received by the department is post-marked by the United States Postal Service on or prior to the final day on which the payment is to be received.

   For the purposes of this act, presentation of a receipt indicating that the report or payment was mailed by registered or certified mail on or before the due date shall be evidence of timely filing and payment. 72 P.S. § 7220.

and was being held in a bank in Crawford County; and it was in Crawford County where compliance with the statute could have been effected by mailing completed tax returns and payments for taxes previously collected. Before it can be shown that Boyle violated his statutory obligation to file returns and remit taxes collected, the Commonwealth must show that the restaurant in Crawford County made sales which were subject to the tax and that sales taxes had there been collected. The Commonwealth must also prove that information, to be extracted from records of the restaurant in Crawford County, had not been supplied to the Department of Revenue via returns mailed or delivered to the Department. It must also be shown that taxes collected and deposited in Crawford County had not been remitted to the Department. See: *Commonwealth v. Ridall,* 280 Pa. Super. 316, 421 A.2d 740 (1980). I would hold, therefore, that Crawford County had a significant connection with the crimes which Boyle committed if, as alleged, he failed to file sales tax returns and remit taxes previously collected. Therefore, the Court of Common Pleas of Crawford County would have jurisdiction to hear and decide the criminal charges brought against William Boyle by the District Attorney of Crawford County. I would affirm the order of the trial court which denied appellant's motion to dismiss for lack of jurisdiction.