## Commonwealth v. Mahon

*Marsha V. Mills, deputy attorney general,* for the Commonwealth.

*Paul W. Brann,* for defendant.

DOWLING, *J.,* June 23, 1986—In August of 1985, the office of attorney general received a recommendation to file a criminal complaint against Owen J. Mahon, trading as Open Door, for failure to file sales tax returns and remit the taxes from 1982 through 1984. At that time, the office of attorney general was filing cases in the county where the business was located with the understanding that the district justice for that location had jurisdiction to hear the matter.

A criminal complaint was filed on September 20, 1985, in Lewisburg, Union County, the jurisdiction of Mr. Mahon's business. A preliminary hearing was scheduled for October 30, 1985, but was waived by defendant. Arraignment was scheduled for January 7, 1986, and was in fact held.

Prior to the arraignment, however, the Superior Court decided the case of Commonwealth v. Boyle, 347 Pa. Super. 602, 500 A.2d 1221 (1985), on November 27, 1986, holding that jurisdiction to try the crimes of failure to file sales tax returns and make payments is in the county which is the designated place for filing or payment.

The court in Union County dismissed the case for lack of jurisdiction, and the Commonwealth then refiled the same charges against defendant in Dau-

phin County, the designated place for filing returns and making payments. A preliminary hearing was waived, and defendant was arraigned on April 3, 1986. Trial was scheduled for the May 1986 term of court, but was continued by defendant and is currently scheduled for June 24, 1986.

On or about March 27, 1986, defendant filed a motion to dismiss alleging that the matter originally filed in Union County was improperly dismissed and alleging the case should have instead been transferred. In addition, defendant has alleged that under Rule 1100, the 180-day limit has expired inasmuch as the time period should run from the date of the first filing of the criminal complaint in Union County.

Defendant's objections are based upon section 5103 of the preliminary provisions of the Judicial Code, 42 Pa.C.S. §5103(a), which provides:

"(a) General rule. — If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or

magisterial district of this Commonwealth on the date when first filed in the other tribunal."

The official source note of 42 Pa.C.S. §5103(a) states that subsection (a) is substantially a re-enactment of the Act of July 31, 1970, §503(b) (17 P.S. §211.503 (b)). It is apparent from the act that §503 dealt with the jurisdiction of the appellate courts. The cross-references contained in 42 Pa.C.S. §5103 refer to administrative appeals and the transfer of erroneously filed cases and refer to Pa.R.A.P. 751. Rule 751, as indicated by the note, is based on 42 Pa.C.S. §5103(a). The fact that Rule 751 deals with appellate procedure indicates that §5013(a) is referred to whenever an appeal is filed in the wrong jurisdiction. The language contained in Rule 751 and §5103(a) refer to "appeal" specifically.

Although a number of cases have cited §5103(a), only a few of them involve criminal matters. Each of those criminal cases are at the appellate level including Commonwealth v. Wadzinski, 485 Pa. 247, 401 A.2d 1129 (1978), which was relied upon by defendant.

For these reasons, we conclude that §5103 does not apply to matters of original jurisdiction in criminal cases. Thus, the first complaint was properly dismissed rather than transferred.

As to the 180-day limit, it has been held that the time period shall start running from the filing of the second complaint only if the following two-prong test is satisfied:

"(1) the first complaint was properly dismissed; and

"(2) the record does not reflect an attempt by the prosecution to cirumvent the requirements of Rule 1100." Commonwealth v. McClain, 325 Pa. Super. 29, 472 A.2d 630 (1984).

As previously stated, the first complaint was properly dismissed by the court in Union County for lack of jurisdiction based on Commonwealth v. Boyle, supra. It is apparent from the record that the Commonwealth is not attempting to circumvent Rule 1100. Prior to the Boyle case, the Commonwealth diligently moved defendant's case forward, scheduling a preliminary hearing (which was waived by defendant) and arraigning defendant well within the 180-day time limit. Following the arraignment on January 7, 1986, for the first complaint, the Commonwealth had 71 days remaining in which to try defendant. After the first complaint was dismissed and the second filed, the Commonwealth again, with all due dispatch, scheduled a preliminary hearing (which was waived) and arraigned defendant. The Commonwealth was ready to go to trial in the May 1986 trial term; however, defendant requested a continuance. Under these circumstances, the Commonwealth has moved forward with the case in a timely manner.

## ORDER

And now, this June 23, 1986, defendant's motion to dismiss criminal charges is denied.