## Commonwealth v. Frey

*Jeffrey H. Gribb, deputy attorney general,* for the Commonwealth.

*Timothy J. O'Connell,* for defendant.

DOWLING, *J.,* September 20, 1986 — Defendant has filed a motion to quash the information initiating this prosecution contending that his former conviction for failure to file sales tax returns and remit sales tax in connection with The Wine Cellar, a restaurant-lounge, bars the present action for the same offenses in connection with Zachary's, a similar type of establishment.

The instant case arises out of defendant's failure to file and remit sales tax on behalf of a corporation doing business as Zachary's in Allentown, Lehigh County, for the months of October 1983 through June 1984. The criminal complaint was filed in Dauphin County on October 22, 1985; defendant Frey, being the co-owner, vice-president and secretary.

In December 1983, the Department of Revenue commenced its investigation into the operation of Zachary's, triggered by defendant's failure to file and remit sales tax for the second and third quarters of 1983. That investigation was completed on September 21, 1984, when it was established to the satisfaction of Special Agent Rebane, the chief investigating officer, that Frey was criminally liable for the offenses involving Zachary's. In February 1985, the

agent submitted his final report to the Office of the Attorney General recommending the filing of criminal charges.

The former prosecution arose out of defendant's failure to file and remit sales tax on behalf of a corporation, Toad Inc., doing business as "The Wine Cellar" in Bethlehem, Northampton County, for the months of September 1982, through November 1983. In October 1983, the Department of Revenue commenced its investigation into the operation of The Wine Cellar. That investigation was completed in December 1983, and the final report recommending the filing of criminal charges submitted to the Office of Attorney General in January 1984. The investigating officer was, again, Special Agent Rebane. A criminal complaint was filed in Northampton County on August 23, 1984, and a guilty plea entered on February 11, 1985.

"18 Pa.C.S. §110 provides in pertinent part:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in §109 of this title . . . and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution,

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court. . . ."

Before section 110 will serve as a bar in a particular case, *all* the elements set forth in the statute

must be satisfied. See Commonwealth v. Beckman, 304 Pa.Super. 239, 450 A.2d 660 (1982). Thus, (1) there must be a first prosecution which ended in an acquittal or a conviction; (2) the second prosecution involves offenses of which the defendant could have been convicted on the first prosecution; (3) the second prosecution must be based upon the same conduct or arise from the same criminal episode; (4) the offense must be known to the appropriate prosecuting officer at the time of the commencement of the first trial, and; (5) the offenses must have been within the jurisdiction of a single court.

There is no dispute that the first element listed above has been satisfied by defendant's plea of guilty on February 11, 1985, to 15 counts of failure to file and remit sales tax on behalf of The Wine Cellar. There remain, then, three distinct questions needing resolution. Succinctly stated, they are: whether the two series of offenses arose from the same criminal episode; whether the second set of offenses was known to the appropriate prosecuting officer at the time of the commencement of the first trial, and; whether the offenses were within the jurisdiction of a single court.

Turning to the question whether the two series of offenses arose from the same criminal episode, we conclude that there exist sufficient differences. The leading case on this issue is Commonwealth v. Hude, 500 Pa. 482, 458 A.2d 177 (1983), in which the Supreme Court defined the term "single criminal episode" as follows:

"The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created . . . Thus, where a number of charges are logically or temporally related and share common issues of law and

fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources." 500 Pa. at 494, 458 A.2d at 183.

The principal factors for analysis are the temporal and logical relationship of the offenses. In determining whether offenses are logically related, the court suggests that the initial inquiry should be "whether there is a substantial duplication of factual and/or legal issues presented by the offenses." The test is such that each case must turn upon its own peculiar set of facts.

In Hude, defendant was charged with inter alia, 20 counts of possession and delivery of marijuana arising out of a series of sales to the same individual over a four-month period. Initially, nine of the 20 counts were dismissed. Hude was then tried on three of the 11 remaining counts and acquitted of these charges. Subsequently, the Commonwealth brought Hude to trial on the remaining eight counts. In both trials, the Commonwealth's evidence consisted of the testimony of the same individual, the buyer. Hude was then convicted of seven of the eight counts of possession and delivery.

Additionally, two other facts appear in the record which figure prominently in the court's analysis: investigation concerning all the offenses had been completed at the time Hude was charged, and the Commonwealth did not provide any reason for its failure to consolidate all the charges in the first trial. On the basis of this record, the court held that section 110 had been violated and quashed the indictments.

Here, we have two very distinct series of offenses, each series occurring in a determinable time frame. While there is a short period during which there is an overlap, this does not abrogate the distinction be-

tween the two. Defendant's failure to file and remit sales tax on behalf of The Wine Cellar occurred in the period commencing September 1982 through November 1983; whereas, the same offenses in connection with Zachary's occurred from October 1983 through June 1984. In addition, the offenses concern two businesses, Zachary's Inc. and Toad Inc., located in different counties; Lehigh and Northampton, respectively.

There is also in this case another noteworthy difference from Hude. Those charges against the defendant were filed at one time, and no further investigation was required. In this case, the charges against the defendant for the separate series of offenses were filed at different times: October 22, 1985, for the offenses in connection with Zachary's, and August 23, 1984, for those involving The Wine Cellar, approximately a year and two months apart. Defendant contends that the investigation of Zachary's was complete and that all the necessary information to commence prosecution was either in the possession of, or available to, Agent Rebane prior to the filing of charges in connection with The Wine Cellar. Defendant, however, overlooks an important aspect of the investigatory and prosecutorial process. Bare facts are not the whole picture. They must be analyzed, evaluated and interpreted. Oftentimes, even after a thorough evaluation, a set of facts will only suggest, or hint at the larger picture. Our intelligence system had the facts to apprise them of the attack on Pearl Harbor as did S.H.A.E.F. on the eve of the Battle of the Bulge, but the information was poorly evaluated and tragically misinterpreted.

Agent Rebane testified that it was not until September 21, 1984, that Frey's culpability for the second series of offenses was established to his satis-

faction. In this matter, a wide scope of discretion is called for, and in the absence of an abuse of that discretion, this court will not interfere in that decision-making process.

We find the court's language in Commonwealth v. Pinkston, 342 Pa.Super. 333, 492 A.2d 1146 (1985), dealing also with the section 110 bar, particularly apt. The court stated:

"Each receipt was part of a discrete constellation of facts unrelated to the other. Appellant's interest in avoiding undue governmental harassment in the separate prosecution of the offenses is outweighed by the Commonwealth's interest in securing justice for each distinct crime. Under the totality of the circumstances of this case, we will not limit the Commonwealth's discretion in the prosecution of its cases in an orderly fashion."

Even if it were to be determined that the two series of offenses constitute a single criminal episode for purposes of section 110, we conclude that the latter prosecution respecting Zachary's was not known to the appropriate prosecuting officer at the time of the defendant's guilty plea on February 11, 1985, for the offenses involving The Wine Cellar. Under the Commonwealth Attorneys' Act, 71 P.S. §732-201, et seq., a case must be referred to the office of attorney general before it is empowered to prosecute. Section 732-205(a)(6) provides:

"(a) Prosecutions — The Attorney General shall have the power to prosecute in any county or criminal court of the following cases. . . .

(b) Criminal charges investigated by and referred to him by a Commonwealth agency arising out of enforcement provisions of the statute charging the agency with a duty to enforce its provision."

Agent Rebane testified that the Department of Revenue Criminal Investigators do not have arrest

powers and, therefore, investigations must be referred to the Bureau of Criminal Investigation of the Office of Attorney General in order for there to be an arrest and subsequent prosecution. We find, then, that the "appropriate prosecuting officer" would be the designated official in the Office of Attorney General.

The investigation for the sales tax delinquencies for Zachary's Inc., resulted in a recommendation for prosecution which was referred to the office of attorney general on or about February 14, 1985. Three days prior to this date, defendant entered his guilty plea in Northampton County to the charges arising out of the operation of The Wine Cellar. Therefore, the appropriate prosecuting officer did not know, and for that reason, could not have consolidated the two series of offenses for trial.

Lastly, we address the issue whether the offenses were within the jurisdiction of a single court. Resolution of this issue is not altogether clear; however, we conclude that at the time of the former prosecution, the offenses which are the subject of the present prosecution were not triable in the court in which those charges were lodged.

Pa.R.Crim.P. 21 provides: "All criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred. . . ." (Emphasis added.) Each offense has its own situs. Commonwealth v. Katsafanas, 318 Pa.Super. 143, 464 A.2d 1270 (1983). Where, as here, the crime charged is a failure to perform a legally imposed act, the place designated for its execution determines the situs of the crime. Commonwealth v. Boyle, 347 Pa.Super. 602, A.2d 1221 (1985). Determination as to where defendant could have filed and remitted sales tax on behalf of Zachary's and The Wine Cellar will deter-

mine where jurisdiction was proper. Liability for failure to file can arise only where specified by statute.

72 P.S. §7219 provides:

"Place for filing returns. — Returns shall be filed with the department at its main office or at any branch office it may designate for filing returns."

The department's main office is located in Harrisburg, Dauphin County, and it has about 20 branch offices statewide. However, the department has never designated by regulation or otherwise any place other than its main office in Harrisburg for filing and remitting sales tax. Both the Commonwealth and the defendant agree that either prosecution could have originally been brought in Dauphin County. The former prosecution was brought in Northampton County on the basis that filing and collection of tax monies took place at the branch office located in Bethlehem. No objection was made to the trial court's jurisdiction over the subject matter of the former prosecution. Thus, the question is whether the offenses involving Zachary's, located in Lehigh County, could have been tried in Northampton County.

There is scant authority to offer us guidance in this relatively novel area. Defendant has cited Commonwealth v. Boyle, 347 Pa. Super. 602, 500 A.2d 1221 (1985), for the proposition that jurisdiction for failure to file and remit sales tax would lie either in Dauphin County or in any county where a branch office is located. We do not read Boyle, supra, as broadly. The issue in the case involved a prosecution instituted in Crawford County against a business located and making its taxable sales in Crawford County; specifically, the question was whether Crawford County had subject-matter jurisdiction over offenses involving failure to file and re-

mit sales tax. Citing section 219 and section 222 of the Tax Reform Code of 1971, 72 P.S. §7219 and §7222, the two-member majority of the panel held that since the returns could not have been filed in Crawford County, as the department maintains no office there, Crawford County could not have subject-matter jurisdiction over the offenses. This is the narrow holding of the case. The panel opinion expressed in dictum the proposition urged upon us by defendant.

Boyle was decided approximately one month after the second prosecution was commenced. We do not believe that at the time of the first prosecution, the Commonwealth could have divined the jurisdictional nexus between the offenses involving Zachary's, located in Lehigh County, and Northampton County. There did not exist then, as there does not exist now, any department regulations directing filing and remitting of sales tax in Northampton County.

Accordingly, we enter the following

## ORDER

And now, this September 20, 1986, defendant's motion to quash is denied.