## Commonwealth v. Griffith

*Allen P. Powanda, assistant district attorney,* for the commonwealth.

*James A. Stranahan IV,* for defendant.

LOUGHRAN, *J.*, October 30, 1989 — On May 5, 1989 defendant was charged in a criminal complaint with seven counts of theft by failure to make required disposition of funds received under 18 Pa.C.S. §3927. The charges stem from the failure of defendant to forward money allegedly owed to a victim located in Adamsburg, Westmoreland County, Pennsylvania, known as Wrap-A-Round Division of Gratton Fabricating and Welding Inc.

Defendant filed an omnibus pretrial motion which was heard by this court on September 26, 1989 asking the court, among other things, to quash the information on the basis that the overt act included in the offenses charged must have occurred in Westmoreland County, and that since no overt act supposedly occurred in Westmoreland County, that this court therefore lacks jurisdiction.

## FINDINGS OF FACT

(1) Defendant is Richard Griffith, who resides in Mercer County, Pa. Mr. Griffith is doing business as G&G Agricultural Service, which is also located in Mercer County.

(2) The victim is Wrap-A-Round Division of Gratton Fabricating and Welding Inc., located in Adamsburg, Westmoreland County, Pa. The president is Robert Gratton.

(3) In the spring of 1988, defendant entered into discussions with Wrap-A-Round regarding employment as a sales representative. At that time, defendant was living and working in Johnstown, Cambria

County, Pa. The conversations occurred by telephone between the victim in Westmoreland County and defendant in Cambria County. Also, a fax message was sent to Westmoreland County by defendant from Cambria County.

(4) Eventually defendant agreed to perform services for the victim. Defendant traveled throughout the northeastern part of the country obtaining buyers for Wrap-A-Round Divison products. Once a sale of machinery or material was obtained, defendant would inform the company in Westmoreland County of the sale. The equipment or material would then be shipped from Westmoreland County to the buyer.

(5) The buyer would send money for the items to defendant in Mercer County. Defendant would deposit the money in an account in the name of G&G Agricultural Services. This account was located in the First National Bank of Mercer County.

(6) After the money was deposited, defendant would remit the money to Wrap-A-Round Division, located in Westmoreland County. Defendant had several checks sent from Mercer County to Westmoreland County during the summer of 1988.

## DISCUSSION

Pursuant to an omnibus pretrial motion to quash the information, defendant has alleged that the information filed against him in Westmoreland County should be quashed due to the lack of subject-matter jurisdiction. It is an established principal of law that before a county can take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. *Commonwealth v. Tumolo,* 455 Pa. 424, 317 A.2d 295 (1974). In the case at bar, the commonwealth

has alleged that defendant committed the criminal offense of theft by failure to make required disposition of funds received, 18 Pa.C.S. §3927. This offense does not involve overt acts, but rather the failure to act. The Pennsylvania Supreme Court has stated that the "determining of the locus of a crime becomes more difficult when the crime consists of a failure to act. In determining the locus of a failure to act, it is necessary to consider the nature of the duty and that specific act which defendant failed to perform." *Commonwealth v. Boyle,* 516 Pa. 105, 113, 532 A.2d 306, 310 (1987). The court also stated that it is necessary to "look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where defendant is being prosecuted." *Id.* at 113, 532 A.2d at 310.

In the present case, the duty to which defendant was subject was the remitting of monies received to the Wrap-A-Round Division of Gratton Industries, located in Westmoreland County. Until defendant failed to remit these monies, no crime had been committed. It is an essential element of the offense that defendant failed to perform an act here in Westmoreland County, which was the payment of monies. It is irrelevant for purposes of jurisdiction whether the monies were to be paid in person or whether they were to be received by postal service. In either case, the specific act which defendant failed to perform was the payment of monies to the company in Westmoreland County.

While the specific issue appears to be one of first impression, the case of *Commonwealth v. Boyle, supra* is instructive. In that case, a restaurant owner was charged with failing to file sales tax returns. Defendant was an attorney, who was also the owner and sole shareholder of Meadville Foods

Inc., doing business as Palace Fine Foods Restaurant in Crawford County. However, defendant's residence and law practice were located in Allegheny County. The Crawford County restaurant was operated by a manager who collected applicable sales taxes and deposited the same in a corporate account in a Crawford County bank. The manager would forward the paperwork to defendant, who would prepare the necessary returns himself, and mail or hand deliver the monies due to the Pennsylvania Department of Revenue in Harrisburg (Dauphin County), or the branch office in Pittsburgh (Allegheny County). The commonwealth alleged that funds collected between August 1982 and October 1983 had not been remitted to the commonwealth, nor were the required returns filed for that period. Defendant filed an omnibus pretrial motion challenging, inter alia, the jurisdiction of the Crawford County Court of Common Pleas. After this motion was denied, defendant perfected an interlocutory appeal to the Superior Court as to the venue issue. The Superior Court decided that since there was no branch office of the Department of Revenue located in Crawford County, performance of filing and remitting of tax returns was impossible in Crawford County. Therefore, that non-performance could not support a finding of proper venue. See *Commonwealth v. Boyle,* 347 Pa. Super. 602, 500 A.2d 1221 (1985). In reaching its decision, the court cited the U.S. Supreme Court case of *Johnson v. United States,* 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1955), for the proposition that, where the crime charged is a failure to perform a legally imposed act, *the place designated for its execution determines the situs of the crime.* (emphasis supplied)

In his dissenting opinion, Judge Wieand cited

*Commonwealth v. Bertels*, 260 Pa. Super. 496, 394 A.2d 1036 (1978), aff'd, 491 Pa. 187, 420 A.2d 404 (1980), for the legal principle that jurisdiction to try a criminal action where the alleged crime is a failure to act is not necessarily limited to one situs. In some cases, requisite elements of the completed crime may be committed in different jurisdictions, and in such cases any county in which an essential part of the crime is committed may take jurisdiction.

Applying these principles to the case at bar, it is clear that the place designated for the execution of the duty was Westmoreland County. This duty is an essential part of the alleged crime. Based on this, it is clear that Westmoreland County can assert jurisdiction over this matter.

## ORDER OF COURT

And now, October 30, 1989, after argument in the within matter and after review of the submitted briefs by all counsel, it is hereby ordered, adjudged and decreed that the motion to quash the information for lack of jurisdiction is hereby denied and the Criminal Court Administrator is directed to schedule the case for the next available jury session of jury trials.